290 P.2d 250

STATE of Arizona, Appellee,

v.

Richard Herbert TRENARY, Appellant.

No. 1074.

Supreme Court of Arizona.

Nov. 22, 1955.

W. T. Choisser, Phoenix, for appellant.

Robert Morrison, Atty. Gen., L. Alton Riggs, Sp. Asst. Atty. Gen., William P.

Mahoney, Jr., County Atty., William S. Andrews, Deputy County Atty., Phoenix, for appellee.

PHELPS, Justice.

Defendant Richard Herbert Trenary was informed against, tried and convicted on five counts of child molesting, with two former convictions of misdemeanors, a felony, under our statute 43–5902, 1952 Cum. Supp., A.C.A.1939. In each count the information charged two former convictions of indecent exposure. On counts four and five he was sentenced to imprisonment for not less than two nor more than five years on each count, said sentences to run consecutively. Sentence was suspended on the remaining three counts.

The facts upon which he was convicted on count four consisted of driving his car on March 17, 1954, near the sidewalk at 10th and Jefferson Streets and opening the right door of his car and exposing his private parts to Loretta Pacheco, a 14-year-old girl, one of the complaining witnesses in the case. The evidence bearing on counts one, two and three further discloses that previously on November 22 the defendant had passed the complaining witness Pacheco who was in the company of Gloria Guzman and Barbara Esparza, two other 14-year-old girls, when the defendant, driving south on 9th Street, turned east on Jefferson Street and called out to the girls that they had beautiful legs, they were at that time at the northeast corner of 9th Street and East Jefferson on their way to a drug store located on the south side of Jefferson Street to purchase candy or ice cream; that they were in the drug store only a few minutes in making the purchase, after which they came out and proceeded east on Jefferson Street; that the defendant again driving east on Jefferson Street, close to the south side of said street where they were walking, opened the right door of his car, raised his body off the seat and exposed his private parts to them.

The facts upon which the conviction on count five was procured are that the prosecuting witness Gloria Guzman was going home from school on the 17th day of March, 1954, proceeding south on 16th Street just south of the railroad tracks, and that the defendant was driving north on that street and when he was opposite the complaining witness he opened his lefthand door and exposed his private parts to her. This complaining witness further testified in support of counts one, two and three, that she was present with Loretta Pacheco and Barbara Esparza on the previous November 22 at East Jefferson Street and 9th Street when the defendant exposed his private parts to all of them and had remarked that they had beautiful legs.

The evidence further indicates that on March 22 the defendant drove by the home of Loretta Pacheco on South 10th Street where she was playing baseball on the

street with other young girls and said "Hi, Babe! Remember me?" That she then took the license number of his car and reported the matter to her mother.

Counts one, two and three were predicated upon the acts of the defendant committed on the 22nd day of November, 1953, on East Jefferson Street as above related. Sentence was suspended by the court on each of these counts. It is presumed, however, that the appeal runs to them as well as to counts four and five. The records disclose two judgments bearing date of October 29, 1954, one entitled "Judgment and Commitment", and the other "Judgments and Sentences Suspended." The notice of appeal is from that certain judgment made and entered on the 29th day of October, 1954, and the whole thereof.

 Defendant in appealing to this court from the judgment of conviction has presented three separate assignments of error, all of which stem from the claim of defendant that he was charged under the provisions of section 43–5902, supra, instead of section 43–3002, A.C.A.1939. The entire argument of the cause is confined to this one question. Therefore we will consider the assignments together in discussing this question. Section 43–5902, supra, provides as follows:

"*Molesting children or loitering.* ——Any person who molests a child under the age of sixteen (16) years, or who without legitimate reason loiters about a school where children are in attendance or a nearby public place frequented by school children, or who loiters in or about a public toilet in a park, shall be deemed a vagrant, and upon conviction therefor shall be punished by a fine of not more than three hundred dollars ($300), imprisonment in the county jail for not more than six (6) months, or both. A person convicted under the provisions of this section who has previously been convicted of the same offense, or of an offense under the provisions of sections * * * 43–5902, Arizona Code of 1939, or of any offense involving lewd or lascivious conduct, shall be punished by imprisonment for not more than five (5) years."

Section 43–3002, supra, provides that:

"*Indecent exposure.*——Every person who wilfully and lewdly exposes his person or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby; * * * is guilty of a misdemeanor."

There can be no doubt that defendant could have been prosecuted under the provisions of section 43–3002, supra, because it is all-inclusive in its application to persons to whom such indecent exposure may have been made regardless of age of such person or persons but it does not constitute the exclusive remedy of the state against the defendant where the indecent exposure

is made to children under the age of 16 years.

Counsel for defendant contends that the substantial rights of defendant have been prejudiced by being brought to trial under the provisions of section 43–5902, supra, for the reason that the acts alleged and the evidence introduced in support thereof do not constitute a molesting. He claims that the prosecution should have been had under the provisions of section 43–3002, supra.

Counsel cites 58 C.J.S., p. 843 which defines the word molest as follows: "To interfere with, so as to injure or disturb; to trouble, disturb, to annoy, vex. * * *" Webster's International Dictionary, 2d Ed., defines molest as follows: "To interfere with or meddle unwarrantably so as to injure or disturb." It gives as synonyms: bother, incommode, pester, tease. It is said in People v. Pallares, 112 Cal.App.2d Supp. 895, 246 P.2d 173, 176, that "molest is, in general, a synonym for annoy." And in People v. Reid, 180 Misc. 289, 40 N.Y.S. 2d 793, 796, molest is defined as meaning "'to trouble, disturb, to annoy or vex.'" From these definitions it would seem that the absence of the word annoy from our statute being practically the only difference between our statute and the California statute is of no consequence.

It was stated in People v. Pallares, supra, based upon a statute which is in substance almost identical with section 43–5902, supra:

"* * * The object of the enactment of the code section was the protection of children from interference by sexual offenders, and the apprehension, segregation and punishment of the latter. It is common knowledge that the subject of sex offenders, and particularly the protection of the young from improper advances, has in recent years engaged the close attention of the legislature and of the general body of the citizens of this State. * * *" The court further said in that case that:

"When the words annoy or molest are used in reference to offenses against children, there is a connotation of abnormal sexual motivation on the part of the offender. Although no specific intent is prescribed as an element of this particular offense, a reading of the section as a whole in the light of the evident purpose of this and similar legislation enacted in this State indicates that the acts forbidden are those motivated by an unnatural or abnormal sexual interest or intent with respect to children. * * *"

We adopt the views expressed in People v. Pallares, supra, and are of the opinion that in enacting section 43–5902, supra, the legislature had in mind the specific intent to protect children under 16 years of age from being subjected not only to physical molestation by persons who have an unnatural or abnormal sexual interest in children but to protect them from any and all inde-

cencies which may tend to humiliate them or unduly offend their finer sensibilities or to arouse in children less refined feelings which are base.

It is to be noted in this particular case that Gloria Guzman said defendant's conduct upset her and that she ran home and told her mother. Barbara Esparza testified that his conduct scared her and when he came up behind them as they walked east on Jefferson Street and exposed his private parts she started to run. Loretta Pacheco testified that she was looking toward the street as he came in view and indecently exposed himself and when she saw it was the same man, she turned around real fast. This clearly indicates that these girls were annoyed, disturbed, vexed, humiliated, and that each of them had suffered a violation of her individual dignity by the conduct of the defendant.

Counsel for defendant, in substance, calls our attention to the danger of ascribing to section 43–5902, supra, a legislative intent which could not be gathered from the language therein used. We readily agree with counsel that it would be dangerous indeed to ascribe to the provisions of this statute a coverage of a criminal offense which was not discernable from the language used. We have no difficulty in finding that the language is sufficiently broad to cover the offenses charged in the information in this case. Under such circumstances we do not feel inclined to resort to unjustified refinements in the English language in order to relieve defendant from just retribution for his acts which could only be motivated by a depraved and wicked mind.

The judgment of the lower court is affirmed.

LA PRADE, C. J., and UDALL, WINDES and STRUCKMEYER, JJ., concur.