461 P.2d 472

The STATE of Arizona, Appellee,

v.

Garnet Earl STINSON, Appellant.

No. 1985.

Supreme Court of Arizona.
In Division.

Dec. 3, 1969.

Gary K. Nelson, Atty. Gen., Phoenix, by Carl Waag, Asst. Atty. Gen., for appellee.

Arthur W. Vance, Jr., Yuma, for appellant.

STRUCKMEYER, Justice.

Defendant was informed against, tried by jury and convicted of molestation of a child, a violation of A.R.S. § 13–653, Laws of 1965, Ch. 20 § 3. By this appeal he questions the adequacy of the trial court's instructions to the jury. Other matters have been presented but they have not been argued. Consistent with our usual rule they are deemed waived.

The statute, A.R.S. § 13–653 forbids the molestation of a child under the age of 15 years by fondling, playing with or touching the private parts of such child. The State's evidence established a touching of the private parts of the prosecuting witness and that her age was 11 years. Appellant urges us to review the construction heretofore placed on the statute in State v. Berry, 101 Ariz. 310, 419 P.2d 337. There, in considering § 13–653 we quoted with approval from State v. Trenary, 79 Ariz. 351, 290 P.2d 250 as follows:

"'When the words annoy or molest are used in reference to offenses against children, there is a connotation of abnormal sexual motivation on the part of the offender. Although no specific intent is prescribed as an element of this particular offense, a reading of the section as a whole in the light of the evident purpose of this and similar legislation enacted in this State indicates that the acts forbidden are those motivated by an unnatural or abnormal sexual interest or intent with respect to children.'" 79 Ariz. 351 at 354, 290 P.2d 250 at 252.

Appellant urges that the statute should be construed "that innocent acts which are

not shown to be harmful or annoying to the purported victim are not declared to be punishable" so that it "will be definitive and not subject to abuse by opening up prosecution to all acts."

■ We think the statute, A.R.S. § 13–653 as construed in State v. Berry, supra, is definitive and does not subject the statute to abuse. The word "touching" is a plain, unequivocal English word, the meaning of which can not be confused. The element of intent, that is, the motivation by an un-natural or abnormal sexual interest, is a limitation on the "touching", restricting the act to such purpose. Those who do not have an unnatural or abnormal sexual in-terest with respect to children are not with-in the ambit of legislative interdiction. As construed by our former decision the act is definitive and does not subject the stat-ute to abuse by opening up prosecutions to all acts of "touching".

■ Appellant complains of the court's failure to give his cautionary instruction against convicting appellant on "mere pos-sibilities, surmises or speculations". This was not error. The court instructed that if the jury had "merely a suspicion or a mere probability" or "a supposition" that appellant was guilty of the offense, it must return a verdict of not guilty. The es-sence of appellant's requested instruction was appropriately covered by the court, although in different language. It was sufficient to warn the jury against convict-ing on possibilities, surmises and specula-tions as to appellant's unnatural motiva-tion.

■ No proposition is better established than that it is not error to refuse a re-quested instruction, although it states a cor-rect principle applicable to the case, if it is properly and sufficiently covered by other instructions. State v. Michael, 103 Ariz. 46, 436 P.2d 595.

Judgment affirmed.

LOCKWOOD, V. C. J., and HAYS, J., concur.