603 P.2d 98

The STATE of Arizona, Appellee,

v.

Reynolds Heath JACKSON, Appellant.

No. 2 CA–CR 1333.

Court of Appeals of Arizona,
Division 2.

Oct. 10, 1978.

Rehearing Denied Nov. 29, 1978.

Review Granted Dec. 19, 1978.

John A. LaSota, Jr., Atty. Gen., by William J. Schafer, III, and Gregory A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender, by Michael P. Roca, Asst. Public Defender, Tucson, for appellant.

## OPINION

RICHMOND, Chief Judge.

Reynolds Heath Jackson appeals from his convictions of rape, child molesting, burglary, and lewd and lascivious acts, arising out of three separate incidents, and the sentences imposed. He challenges the sufficiency of the evidence on the rape and burglary charges, the refusal of a jury instruction on child molesting, and the admission of evidence of unrelated acts leading to his apprehension more than two years after the crimes were committed. We find no error and affirm.

Appellant first contends there was no substantial evidence to support the rape conviction because the victim neither resisted nor was prevented from resisting by threat of immediate and great bodily harm, accompanied by apparent power of execution, as required by A.R.S. § 13–611 at the time of the alleged rape in February, 1974. The victim testified that she entered her apartment with an armload of groceries, leaving the door open, and was putting the groceries away when someone came up behind her and put his arm around her neck. She was told that if she was quiet and did as she was told she would not be hurt. She described her assailant as "stocky, . . . big, kind of big man, taller than myself," and testified that she did not struggle or scream "because I was so frightened." Her testimony was sufficient to sustain the jury's conclusion under proper instructions on the absence of consent or consent induced by force or fear. *State v. Kidwell,* 106 Ariz. 257, 475 P.2d 241 (1970).

Appellant attacks his burglary convictions because he was charged with burglary of a dwelling house in each instance but the only evidence was of apartment burglaries. In instructing the jury on the elements of burglary, the court referred to neither a dwelling house nor an apartment, but to entry into a building. Appellant did

not move for a judgment of acquittal on the burglary charges or object to the instruction, and has waived any possible error arising from the designation in the indictment, which clearly was not of fundamental nature. *State v. Coward,* 108 Ariz. 270, 496 P.2d 131 (1972).

On the charge of child molesting, the court instructed the jury as to the elements of the crime set forth in A.R.S. § 13–653 as follows:

"I will next define for you and set out the elements of molestation of a child. A person who molests a child under the age of fifteen years by fondling, playing with, or touching the private parts of such child, or who causes a child under the age of fifteen years to fondle, play with, or touch the private parts of such person, is guilty of the crime of molestation of a child."

The court refused an instruction offered by appellant which contained as an additional element:

"[w]here said fondling, playing or touching is caused by unnatural or abnormal sexual interest or intentions with respect to children."

Appellant, in objecting to the refusal of the instruction and on appeal, relies on the supreme court's interpretation of the child molesting statute in *State v. Trenary,* 79 Ariz. 351, 290 P.2d 250 (1955); *State v. Berry,* 101 Ariz. 310, 419 P.2d 337 (1966), and *State v. Stinson,* 105 Ariz. 174, 461 P.2d 472 (1969). In both *Berry* and *Stinson,* attacks on the statute for vagueness were rejected with a reference to the following language from *Trenary,* quoting in turn from *People v. Pallares,* 112 Cal.App.2d Supp. 895, 246 P.2d 173 (1952):

" 'When the words annoy or molest are used in reference to offenses against children, there is a connotation of abnormal sexual motivation on the part of the offender. Although no specific intent is prescribed as an element of this particular offense, a reading of the section as a whole in the light of the evident purpose of this and similar legislation enacted in this State indicates that the acts forbid-

den are those motivated by an unnatural or abnormal sexual interest or intent with respect to children. * * * ' "
79 Ariz. at 354, 290 P.2d at 252.

The court in *Trenary*, however, went on to say:

"We adopt the views expressed in *People v. Pallares*, supra, and are of the opinion that in enacting section 43–5902 [the forerunner of § 13–653], supra, the legislature had in mind the specific intent to protect children under 16 years of age from being subjected not only to physical molestation by persons who have an unnatural or abnormal sexual interest in children but to protect them from any and all indecencies which may tend to humiliate them or unduly offend their finer sensibilities or to arouse in children less refined feelings which are base." 79 Ariz. at 354–5, 290 P.2d at 252.

We believe that appellant misconstrues *Trenary* by ignoring the clear meaning of the second quotation. The statute is intended to protect children from "any and all indecencies which may tend to humiliate them"—not to punish only those offenders whose "sexual interest or intent" is "unnatural or abnormal" solely because it is directed at children.

In *Berry* and *Stinson*, it was argued that the statute was so vague as to proscribe the innocent touching by a parent or doctor of a child's private parts. The court relied on the language from *Trenary* first quoted above for the proposition that the words annoy or molest in the context of the statute precluded its application to such an innocent touching. The defense in this case was mistaken identity. The victim, who was 14 years and 10 months old at the time, was forced to engage in fellatio. The court properly instructed the jury in the language of the statute, and it was not error to refuse the additional language requested by appellant.

Finally, we reject the argument that it was prejudicial error to admit evidence of the 1976 incident in which appellant was apprehended after entering an apartment.

He was discovered there by a young woman who had returned home alone a short time earlier. As in each of the 1974 incidents, entry was made during the daytime through an unlocked front door. Like the victim in each of the 1974 cases, the woman had entered an apartment alone a short time earlier. It was these similarities that led police to use appellant's photograph in a lineup resulting in his identification by each of the 1974 victims. The court instructed the jury that evidence regarding the 1976 incident was admissible "for the sole purpose of showing a modus operandi of the defendant, or to prove the identity of the perpetrator of the crime for which the defendant is on trial. And is admitted for no other purpose."

We agree with the trial court that the evidence was relevant on the issue of identity. Any possibility of prejudice was mitigated by the fact that appellant's conduct in the 1976 incident was not nearly so outrageous in nature as the offenses for which he was being tried.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.