601 P.2d 287

**STATE of Arizona, Appellee,**

v.

**Willis Colson CARTER, Appellant.**

**No. 4553–PR.**

Supreme Court of Arizona,
In Banc.

Sept. 27, 1979.

John A. LaSota, Jr., Former Atty. Gen., Robert K. Corbin, Atty. Gen. by Philip G. Urry, Asst. Atty. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Michael P. Roca, Asst. Public Defender, Tucson, for appellant.

HOLOHAN, Justice.

Appellant Willis Colson Carter was convicted by a jury of two counts of child molesting. He was sentenced to concurrent terms of imprisonment. The Court of Appeals affirmed the convictions. *State v. Carter,* 123 Ariz. 528, 601 P.2d 291 (App. 1979). We granted the appellant's petition for review pursuant to Rule 31.19, Rules of Criminal Procedure, 17 A.R.S.

Although several issues were raised on appeal we granted review for purposes of deciding the question whether female breasts are "private parts" within the meaning of A.R.S. § 13–653. The decision of the Court of Appeals on the other issues raised in the appeal is approved.

The evidence presented at trial concerning Count I shows that the defendant touched the breasts of the female victim named in Count I of the indictment. The state concedes that there was no evidence that the defendant touched her genitals.

At the time of the alleged offense * A.R.S. § 13–653 read:

"A person who molests a child under the age of fifteen years by fondling, playing with, or touching the private parts of such child . . . shall be judged guilty of a felony . . . ."

Appellant argues that the term "private parts" is limited to the genital area and does not include breasts.

Cases from other states have uniformly used "private parts" to refer to the genitals.

---

* Under the revised criminal code child molesting is proscribed by A.R.S. § 13–1410 which is in substantially the same form as the former section, A.R.S. § 13–653. There is, however, a new section, A.R.S. § 13–1404, which makes sexual contact with a minor an offense. Sexual contact is defined in A.R.S. § 13–1401 to include fondling of the female breast.

Many of these cases involve only the genital area, *Martin v. State,* 534 P.2d 685 (Okl.Cr. 1975); *State v. Blount,* 60 N.J. 23, 286 A.2d 36 (1972); *State v. Dennison,* 72 Wash.2d 842, 435 P.2d 526 (1967); *Pendell v. State,* 158 Tex.Cr.R. 119, 253 S.W.2d 426 (1952); *State v. Nash,* 83 N.H. 536, 145 A. 262 (1929); *Clark v. People,* 224 Ill. 554, 79 N.E. 941 (1906) as do the Arizona cases dealing with A.R.S. § 13–653, *see, e. g., State v. Phillips,* 102 Ariz. 377, 430 P.2d 139 (1967); *State v. Kasold,* 110 Ariz. 558, 521 P.2d 990 (1974). However, several cases do exclude breasts from the definition of "private parts," either by usage in the case, *State v. Zauner,* 250 Or. 105, 441 P.2d 85 (1968), or specifically by their holding, *Green v. State,* 576 P.2d 1123 (Nev.1978); *State v. Stich,* 5 Or.App. 511, 484 P.2d 861 (1971); *State v. Moore,* 194 Or. 232, 241 P.2d 455 (1952).

■ Principles of statutory construction are also instructive here.

A.R.S. § 1–213 mandates that:

"[w]ords and phrases shall be construed according to the common and approved use of the language."

Words are to be given their ordinary meaning unless it appears from the context or otherwise that a different meaning would control. *State v. Raffaele,* 113 Ariz. 259, 550 P.2d 1060 (1976); *State v. Arnett,* 119 Ariz. 38, 579 P.2d 542 (1978). The ordinary meaning of "private parts" as defined in Webster's Third New International Dictionary (1976 Unabridged) is "the external genital and excretory organs."

■ We therefore hold that "private parts" as used in A.R.S. § 13–653, is limited to the genital and excretory organs and does not include the female breast.

The evidence does not support the conviction of the appellant on Count I; therefore it must be set aside.

The decision of the Court of Appeals is vacated in part and approved in part. The judgment and sentence of the superior court on Count I of the indictment is reversed and remanded with directions to enter a judgment of acquittal on Count I. The judgment and sentence on Count II is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.