623 P.2d 1247

**STATE of Arizona, Appellee,**

v.

**Charles Gaynor ANDERSON, Appellant.**

**No. 1 CA–CR 4537.**

Court of Appeals of Arizona,
Division 1,
Department B.

Dec. 30, 1980.

Rehearing Denied Feb. 4, 1981.

Review Denied Feb. 18, 1981.

Bruno & Weisberg, P. C. by Frank C. Nielsen, Kingman, for appellant.

Robert K. Corbin, Atty. Gen. by William J. Schaefer, III, Chief Counsel, Criminal Division, Jessica L. Gifford, Asst. Attys. Gen., Phoenix, for appellee.

JACOBSON, Judge.

After a jury trial, appellant Anderson was convicted of molesting a 12-year-old child, a class 2 felony, in violation of A.R.S. §§ 13–1410, –701, and –801. He was sentenced to a term of nine years imprisonment. On appeal, appellant presents the following five arguments:

1. There was insufficient evidence to support the jury verdict finding that appellant acted "knowingly" and was motivated by an unnatural or abnormal sexual interest or intent;

2. The trial court erred in failing to give appellant's requested jury instruction defining the term "private parts" within Arizona's child molestation statute;

3. Two State's witnesses should have been precluded from testifying as a sanction for violation of the rule of exclusion of witnesses;

4. The trial court erred in failing to grant appellant's motion to continue sentencing; and

5. The nine year sentence was excessive.

The victim in this case was a 12-year-old blind boy who was vacationing with his family in Lake Havasu City, Arizona, during the Memorial Day weekend of 1979. While he and his 10-year-old brother were playing in the Holiday Inn swimming pool with the appellant at approximately 10:00 p. m. the appellant held the victim on his lap and rubbed or "pushed" the victim in the groin area, including the penis. When the victim pushed the appellant's hand away, the appellant again placed his hand in the same area. The victim apparently then moved and the group continued playing. Later in the evening, the victim, his brother and the appellant went to the victim's motorhome where the victim and the appellant climbed into a bunk over the driver's compartment. There the appellant stroked the victim's hair, back and buttocks telling him, "I wish you were mine." Later, appellant helped the victim change his clothing in the victim's motel bathroom and at one point asked the victim and his brother to shine a light at the window if they were sleeping in the camper.

When these incidents were described to the victim's mother later that evening, she reported the matter to the police who arrested the appellant the next morning. When first questioned about the incident, the appellant totally denied being at the Holiday Inn or having met the boys. When he later admitted to the police officers that he had been at the motel and played with the boys at the swimming pool and in their camper, he explained his earlier denial as the result of a fear of being implicated in possible vandalism by older teenagers whom he was with that evening at the motel.

At the close of the State's case appellant moved for a directed verdict pursuant to Rule 20, Rules of Criminal Procedure, 17 A.R.S., arguing that there was insufficient evidence to support a jury verdict that the appellant "knowingly" touched the victim's private parts as required by A.R.S. § 13–1410 or that the touching was "motivated by an unnatural or abnormal sexual interest or intent with respect to children" as required by *State v. Berry*, 101 Ariz. 310, 419 P.2d 337 (1966) and *State v. Stinson*, 105 Ariz. 174, 461 P.2d 472 (1969). This motion was renewed at the close of trial and the insufficiency of evidence argument was again presented in appellant's motion for a new trial.

Rule 20 requires that a judgment of acquittal be entered after the evidence on either side is closed if there is no substantial evidence to warrant a conviction. In determining whether there is "substantial evidence" to support a jury verdict, the trial court and this Court must view the evidence in a light most strongly in favor of sustaining the jury's verdict. *State v. Parker*, 113 Ariz. 560, 558 P.2d 905 (1976). Viewed in this light, there is ample evidence by which a jury could have found that the touching was not accidental but was "knowingly" done and motivated by an unnatural or abnormal sexual interest. The victim testified that appellant rubbed or pushed on his groin area and penis and returned his hand to the area after the victim pushed it away. Appellant stroked the victim's hair, back and buttocks, and made statements reflecting a desire to be with the boys alone. His initial denial to the police of being at the motel or with the boys also supports an unlawful intent. In addition, the victim's testimony was corroborated by his younger brother's testimony that the victim was sitting on the appellant's lap and that at one point he saw the appellant touching the victim near the groin area.

Appellant's argument that the acts committed after the swimming pool incident should not used as "reversed extrapolation" to infer the appellant's state of mind is not persuasive. In *State v. McFarlin*, 110 Ariz. 225, 517 P.2d 87 (1973), subse-

quent acts of child molesting were admitted to prove appellant's intent and sexual aberration. By analogy, the acts subsequent to the incident at the swimming pool may be used to infer appellant's state of mind when the touching occurred.

■ Next, appellant argues that the trial court erred in failing to give his requested instruction defining the words "private parts" as used in Arizona's child molestation statute. A.R.S. § 13–1410 states:

> A person who knowingly molests a child under the age of fifteen years by fondling, playing with, or touching the *private parts* of such child or who causes a child under the age of fifteen years to fondle, play with, or touch the private parts of such person is guilty of a class 2 felony . . . . (Emphasis added.)

The legislature has not defined the term "private parts" nor did the trial court give any instruction defining which parts of the body are included within that term. The appellant's requested instruction was that the private parts on a male are the penis, scrotum, testicle area and rectum. This is a correct definition of the term. *See State v. Carter*, 123 Ariz. 524, 601 P.2d 287 (1979).

■ The State does not argue that the requested instruction should not have been given. Rather, the State urges that although the term "private parts" may be, under the facts here, ambiguous, the failure to give an explanatory instruction was cured by closing argument of counsel emphasizing the touching of the genital, procreation area as constituting the criminal act charged, citing *State v. Rodriquez*, 114 Ariz. 331, 560 P.2d 1238 (1977) and *State v. Snodgrass*, 121 Ariz. 409, 590 P.2d 948 (App. 1979). While it is true that under certain circumstances, ambiguous or incomplete instructions can be cured, at least for harmless error purposes, by closing arguments of counsel, we view the prosecutor's closing arguments here as not clarifying, but confusing the issue of what constitutes "private parts." In this regard the prosecutor told the jury:

> Again, these "private parts" is left up to you, ladies and gentlemen, what are the private parts of a male. It's not defined by statute. Being reasonable people, everyone should know.

Although the prosecutor stressed the penis touching incident at the pool, he also stressed appellant's rubbing of the victim's buttocks in the motorhome in support of the requirement that touching be done with an unnatural or abnormal sexual intent.

We agree with the prosecutor that all reasonable people would know that the term "private parts" extends at least to the penis, scrotum, testicle area and rectum, but whether that term could extend to other "private" areas of the human body may be subject to reasonable differences. For example, the Court of Appeals held in *State v. Carter*, 123 Ariz. 528, 601 P.2d 291 (App. 1979), that female breasts are included in the term "private parts" while the Supreme Court's decision in the same case, (123 Ariz. 524, 601 P.2d 287 (1979)) held that breasts were not included in the term.

Here the problem lies not in the fact that the jury did not know that a penis was a "private part," but that they were allowed to speculate, by the prosecutor's invitation, that other areas of the human anatomy may also constitute a "private part." Therefore, under the evidence, the jury may well have determined that the act of rubbing the victim on the buttocks was sufficient to satisfy the statute.

The defense's instruction would have limited the jury's inquiry to the proper evidence. We find that the closing arguments of counsel did not supply this limiting factor. We therefore hold that although there was evidence to support a verdict of touching of "private parts" as defined in *Carter*, we cannot say beyond a reasonable doubt that those facts are the ones relied upon by the jury in returning its guilty verdict. Thus, the conviction must be reversed and the matter remanded to the trial court for a new trial.

Because a new trial is required, the remaining issues need not be reviewed.

The judgment and sentence are reversed and the case is remanded to the Superior Court for a new trial.

HAIRE, P. J., and EUBANK, J., concur.