667 P.2d 1342

**The STATE of Arizona, Appellee,**

v.

**William Kraig MADSEN, Appellant.**

**No. 2 CA–CR 2778.**

Court of Appeals of Arizona, Division 2.

May 10, 1983.

Rehearing Denied June 16, 1983.

Review Denied July 15, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Lawrence H. Fleischman, Asst. Public Defender, Tucson, for appellant.

## OPINION

BIRDSALL, Judge.

This is an appeal from the appellant William Kraig Madsen's conviction for molestation of a child, sexual abuse with a minor under fifteen and two counts of sexual conduct with a minor under eighteen. The issues on appeal are whether the trial court correctly:

1) instructed the jury concerning the necessary elements of child molestation under A.R.S. § 13–1410;

2) instructed the jury that society's standards, not an individual's standards, must be used to determine whether certain acts are "abnormal" or "unnatural" under the statute, and

3) excluded evidence of the appellant's juvenile sex experiences.

We affirm.

In 1980 the appellant lived with his three brothers, a sister, his mother and her boyfriend. In July 1980 and again in October 1981 the appellant asked his younger brother Kenneth, who is epileptic and on the borderline of being retarded, to engage in sexual activities. Kenneth testified that he did not want to engage in sexual activities with the appellant but did so under the

pressure of the appellant's intimidation. The appellant claims the contacts were consensual. The brothers performed anal and oral sex upon each other. The appellant told Kenneth not to tell his mother, her boyfriend or "anybody else outside the house." The appellant also told Kenneth that "if he gets any time in jail, that he would come back and he would do something." In an interview with a police officer, the appellant indicated that he understood the difference between rape and statutory rape but did not seem to understand the criminality of intrafamilial sexual activities. The appellant's defense at trial was that since he had been raised in an environment where intrafamilial sexual and homosexual acts were common, and therefore he did not believe that his acts were wrong, he did not possess the requisite "intent" necessary for conviction under the child molesting statute, A.R.S. § 13–1410. At trial the appellant's attorney discussed the appellant's juvenile sexual experiences during his opening statement, and some testimony about that was admitted into evidence before the appellee moved in limine to suppress any further evidence regarding prior sexual conduct. The trial court granted that motion, concluding that such evidence was irrelevant.

■ Arizona's child molesting statute, A.R.S. § 13–1410,[1] applies to "[a] person who knowingly molests a child . . . ." The culpable mental state is "knowingly". Arizona courts have also interpreted the term "molest" to mean that the forbidden acts are "motivated by an unnatural or abnormal sexual interest with respect to children." See e.g. State v. Berry, 101 Ariz. 310, 419 P.2d 337 (1966); State v. Trenary, 79 Ariz. 351, 290 P.2d 250 (1955); State v. Anderson, 128 Ariz. 91, 623 P.2d 1247 (App. 1980). The unnatural, abnormal sexual interest is required in order to distinguish the criminal conduct from innocent conduct as, for example, the act of the physician in treating the child, or the parent in bathing the "private parts". The standard by which the courts judge whether the acts are unnatural or abnormal is the standard of society in general.[2]

■ A primary purpose of A.R.S. § 13–1410 is to answer the demand by the citizens of Arizona that young children be protected from improper advances. See State v. Berry, supra; State v. Trenary, supra. If the standard used is the defendant's, then as long as the defendant believed his acts to be natural and proper there would never be a conviction for molesting. We are confident no such meaning was intended either by the legislature or our supreme court. We hold that whether the appellant's intent is unnatural or abnormal must be judged by a community standard rather than by his personal beliefs. This is not a case of a casual touching of Kenneth's private parts by a parent or doctor in the course of their duties.

The trial court correctly instructed the jury that:

"The crime of molestation of a child requires proof of two things: One, the defendant knowingly fondled, played with or touched the private parts of a child under the age of fifteen years, and two, the fondling, playing or touching was motivated by an unnatural and abnormal sexual interest of the defendant."

The trial court also correctly informed the jury, in response to a question after deliberations had commenced, that normal societal standards are used to determine whether the appellant's motivating sexual interest is abnormal or unnatural.

1. "A person who knowingly molests a child under the age of fifteen years by fondling, playing with, or touching the private parts of such child or who causes a child under the age of fifteen years to fondle, play with, or touch the private parts of such person is guilty . . . ."

2. The evidence indicates that the appellant himself was aware that society's standards would apply since his comments to his brother indicate a belief that their activities could result in time in jail for the appellant. The evidence also indicates that the appellant was concerned that his acts might not be considered natural or normal by his own family's standards since he warned his brother not to tell his mother or her boyfriend.

Finally, the appellant argues that the appellee's motion in limine to preclude the introduction of evidence by the appellant of his prior sexual history was erroneously granted. The appellant contends that the motion was untimely since it was not presented more than 20 days prior to trial as required by Rule 16.1, Rules of Criminal Procedure, 17 A.R.S.[3]

Under Rule 16.1(c), however, a motion made after the 20-day limit will not be precluded if "the basis therefor was not then known, and by the exercise of reasonable diligence could not then have been known, and the party raises it promptly upon learning of it." In the present case, the appellant prior to trial declared his defense to be lack of intent. The appellee did not know and could not reasonably be expected to imagine that the appellant would later contend he was not guilty because he had engaged in similar forbidden activities in the past. Indeed, the appellant himself attempted to suppress a portion of his earlier sexual history, a conviction as a juvenile for child molesting. The motion was made as soon as the appellee became aware of the evidence the appellant intended to present. The trial court correctly granted the appellee's motion in limine because the evidence was irrelevant.

Affirmed.

HOWARD, C.J., and HATHAWAY, J., concur.

---

**3.** Rule 16.1 states, in part:
"a. Scope of Rule. This rule shall govern the procedure to be followed in cases in the Superior Court between arraignment and trial, unless specifically provided by another rule. Rules 16.1 and 16.2 shall apply to criminal proceedings in all courts.
b. Making of Motions Before Trial. All motions shall be made no later than 20 days prior to the date set for trial. . . .
c. Effect of Failure to Make Motions in Timely Manner. Any motion, defense, objection, or request not timely raised under Rule 16.1(b) shall be precluded, unless the basis therefor was not then known, and by the exercise of reasonable diligence could not then have been known, and the party raises it promptly upon learning of it."