838 P.2d 1365

**In the Matter of the Appeal in MARICOPA COUNTY JUVENILE ACTION NO. JV–121430.**

**No. 1 CA–JV 91–0050.**

Court of Appeals of Arizona, Division 1, Department B.

Oct. 8, 1992.

Richard M. Romley, Maricopa County Atty. by Jeffrey W. Pitts, Deputy County Atty., Phoenix, for appellee.

Dana Carpenter, Phoenix, for appellant.

OPINION

JACOBSON, Presiding Judge.

The sole issue in this appeal is whether an adjudication of delinquency based upon child molestation must be accompanied by a motivation to act with "an unnatural or abnormal sexual interest with respect to children."

The male juvenile was thirteen years old at the time of the incident that gave rise to the charge of delinquency. The act of child molestation consisted of the juvenile placing his finger or fingers into the vagina of

1. In the juvenile's opening brief it is alleged that the hearsay statements of the victim were improperly admitted. No legal authority was cited for this proposition and the juvenile's counsel

a three-year-old girl who was a visitor in his home. The medical evidence showed that as a result, the three-year-old's vagina was severely bruised, bleeding, and the hymen was torn.

At the adjudication hearing, the defense centered upon whether the juvenile's acts were motivated by an unnatural or abnormal sexual interest in children. In support of this defense, Dr. Phillip Esplin, a psychologist, testified:

Q. Could we say that the act was clinically abnormal?

A. No.

Q. Why not?

A. Because of the base rate frequency with which 13–year–olds, 14–year–olds would engage in behavior of that nature. It's not to say it is [appropriate]. That is a different issue. The issue is, whether you would classify it as an indication of a sexual deviance, and that would be inappropriate to classify it as sexual deviance before the adolescent['s] sexuality solidified.

Q. If a person committed, if an adolescent, age 13 year [old] male, committed the act of inserting his finger into the vagina of a three-year-old girl, is it your opinion that would not be a sexual deviation?

A. Well, you couldn't classify it as a sexual deviation.

Q. Let me stop you, what is the reason for that?

A. Because it is not outside the scope of exploratory sexual behavior of youngsters in that age classification.

The juvenile judge found the juvenile delinquent based upon an act of child molestation. This appeal followed.

The sole issue [1] raised on appeal is whether the evidence presented proved beyond a reasonable doubt that an act of child molestation occurred. The juvenile's contention is that an act of child molestation can only be committed if the act is

indicated that this issue would be the subject of a supplemental brief. The issue was not addressed in the juvenile's supplemental brief, and, therefore, we deem this issue abandoned.

motivated by an unnatural or abnormal sexual interest in children. His argument continues that, because the sole expert testimony in this case shows that such motivation is not present in a thirteen-year-old male, the evidence fails to support the requisite intent to commit child molestation.

The state responds that the juvenile judge was free to reject the opinion of the expert, that the juvenile judge was free to make his own assessment whether an act of molestation occurred and that, therefore, given the undisputed acts of the juvenile, a delinquency finding is supportable.

The juvenile's argument is premised upon the supposition that a necessary element of the crime of molestation under A.R.S. § 13–1410 [2] is that the actor must be motivated by "an unnatural sexual interest with respect to children." *See Matter of Pima County Juvenile Appeal No. 74802–2*, 164 Ariz. 25, 790 P.2d 723 (1990); *State v. Stinson*, 105 Ariz. 174, 461 P.2d 472 (1969). Although the state does not specifically reject this contention, it argues that Dr. Esplin's testimony was immaterial in view of the holding in *State v. Madsen*, 137 Ariz. 16, 667 P.2d 1342 (App.1983), that the "unnatural and abnormal" mental state is merely articulated to distinguish criminal conduct from innocent conduct, and that motivational factors are to be judged by normal societal standards. The narrow issue before us, then, is the nature of the mental state required to adjudicate an adolescent juvenile delinquent for the crime of child molestation.

We begin our analysis of the requisite mental state to commit child molestation by noting that the "unnatural or abnormal sexual interest" language is not contained in the statute, but first appeared in the 1955 decision of *State v. Trenary*, 79 Ariz. 351, 290 P.2d 250 (1955), which interpreted A.C.A. § 43–5902 (Supp.1952). That statute, in pertinent part, provided:

Any person who molests a child under the age of sixteen (16) years ... shall be deemed a vagrant....[3]

The word "molest" was not defined in the statute nor was the conduct that might constitute a "molest" enunciated.

In *Trenary*, the defendant was accused of driving his car down the streets of Phoenix and exposing himself to passersby, including a fourteen-year-old girl. He had previously been convicted of two indecent exposure misdemeanors. He was charged under the molesting statute rather than the indecent exposure statute, because that charge allowed his conduct to be punishable as a felony. In holding that Trenary's conduct constituted molestation, the court noted:

When the words annoy or molest are used in reference to offenses against children, there is a connotation of abnormal sexual motivation on the part of the offender.

*Id.* at 354, 290 P.2d at 252, *quoting People v. Pallares*, 112 Cal.App.2d Supp. 895, 246 P.2d 173, 176 (1952). The court therefore held that "the acts forbidden are those motivated by an unnatural or abnormal sexual interest or intent with respect to children." *Id.*

Our case law has continued to parrot this "unnatural or abnormal sexual interest" language. *See, e.g., State v. Berry*, 101 Ariz. 310, 313, 419 P.2d 337, 340 (1966); *Stinson, supra; State v. Anderson*, 128 Ariz. 91, 623 P.2d 1247 (App.1980); *Pima County Juvenile Appeal No. 74802–2, supra.* However, none of the case law has analyzed this language in view of the changes in the legislation defining the crime that have occurred since 1955. Particularly important is the legislative determination as to the defense to molestation:

It is a defense to prosecution pursuant to § 13–1410 that the defendant was not motivated by *a sexual interest.*

---

**2.** A.R.S. § 13–1410 provides:

A person who knowingly molests a child under the age of fourteen years by directly or indirectly touching the private parts of such child ... is guilty....

**3.** The punishment for "vagrancy" was a $500 fine and imprisonment in the county jail for not more than six months. Multiple offenses were punished as felonies. A.C.A. § 43–5902 (1939).

A.R.S. § 13–1407(E) (emphasis added). Thus, the logical correlation to this defense is that the intent necessary to commit the crime of molestation is not an "abnormal or unnatural sexual interest," but only that the actor be motivated by a "sexual interest." In our opinion, therefore, the case law that previously used the "abnormal or unnatural" language to distinguish innocent conduct from prohibited conduct has in reality been superseded by the less stringent statutory defense of lack of "sexual interest."

Indeed, a review of the case law prior to this change indicates that the necessary intent to establish child molestation need not be the narrow standard of "abnormal or unnatural" sexual interest. In a case subsequent to *Trenary, Berry,* and *Stinson,* Division Two of this court held that it was not error for the trial court to refuse to instruct the jury that an essential element of child molestation under A.R.S. § 13–653, the predecessor of A.R.S. § 13–1410, was conduct "caused by unnatural or abnormal sexual interest or intentions with respect to children." *State v. Jackson,* 124 Ariz. 206, 207, 603 P.2d 98, 99 (App.1978), *approved in part and vacated in part on other grounds,* 124 Ariz. 202, 603 P.2d 94 (1979). The *Jackson* court pointed out the following language from *Trenary:*

We adopt the views expressed in *People v. Pallares, supra,* and are of the opinion that in enacting section 43–5902 [the forerunner of § 13–653], *supra,* the legislature had in mind the specific intent to protect children under 16 years of age from being subjected *not only to physical molestation by persons who have an unnatural or abnormal sexual interest in children but to protect them from any and all indecencies which may tend to humiliate them or duly offend their finer sensibilities or to arouse in children less refined feelings which are base.* 79 Ariz. at 354–5, 290 P.2d at 252.

*Id.* at 208, 603 P.2d at 100 (emphasis added). Thus, the court concluded, the "clear meaning of the second quotation" in *Trenary* is that the child molestation statute is intended "to protect children from 'any and all indecencies which may tend to humiliate them'—not to punish only those offenders whose 'sexual interest or intent' is 'unnatural or abnormal' solely because it is directed at children." *Id.* This analysis was expressly approved by the Arizona Supreme Court in *Jackson,* 124 Ariz. at 203, 603 P.2d at 95.

Subsequent to *Jackson,* the Arizona Supreme Court again referred to the "unnatural and abnormal" motivation language in *Pima County Juvenile Appeal No. 74802–2.* However, *Pima County* did not involve a child molestation under A.R.S. § 13–1410; its context was limited to the issue whether the "unnatural or abnormal" analysis applied under A.R.S. § 13–1404, sexual contact with the female breast of a person under fifteen. 164 Ariz. at 33–34, 790 P.2d at 731–32. In our opinion, *Pima County* is not controlling here.

We thus conclude that the formerly articulated "unnatural or abnormal sexual interest" standard is now modified by the statutory "sexual interest" standard, if, in any event, that former standard was ever meant to do anything more than "distinguish the criminal conduct from innocent conduct as, for example, the act of the physician in treating the child, or the parent in bathing the 'private parts.' " *Madsen,* 137 Ariz. at 18, 667 P.2d at 1344; *see also Berry,* 101 Ariz. at 313, 419 P.2d at 340 ("it is certainly possible for a doctor or parent to touch the private parts of a child without 'molesting' him by doing so, in which case the statute has not been violated").

■ We thus turn to the issue whether, in the absence of expert testimony,[4] the juvenile's "sexual interest" was estab-

---

**4.** The expert testimony to support the juvenile's intent in this case is not entirely absent. Although Dr. Esplin testified that he did not consider a thirteen-year-old male's act of inserting his fingers into a three-year-old's vagina to be "unnatural or abnormal," he did explain that pubescent males undergo a biological change, including "a surge in the production of testosterone, and *become very interested in sexual matters.*" (Emphasis added.) As explained above, however, we do not believe such expert testimony is necessary to the adjudication of delinquency in this case.

lished, thus enabling the juvenile judge to find that a child molestation occurred. The juvenile does not dispute that the touching occurred, nor does he claim it was privileged by a parent-child or doctor-patient relationship or that it was authorized by the victim's parents as part of her nonsexual daily care. Under such circumstances, the juvenile's acts, "by their very nature manifest that he was motivated by" a sexual interest, an interest that even Dr. Esplin characterized as "inappropriate" and "clearly unacceptable behavior." *See State v. Brooks*, 120 Ariz. 458, 461, 586 P.2d 1270, 1273 (1978) (trial court did not need to inquire into defendant's motivation to find factual basis for voluntary guilty plea to child molestation because defendant's acts "by their very nature" manifested a motivation of sexual interest).

We therefore hold that the evidence supports the juvenile court's conclusion that the acts of this thirteen-year-old juvenile involving a three-year-old victim constituted the offense of child molestation.

Judgment affirmed.

KLEINSCHMIDT and GARBARINO, JJ., concur.