173 P.3d 1027

**STATE of Arizona, Appellee,**

v.

**Kelvin Thomas SIMPSON, Appellant.**

**No. 1 CA–CR 06–0748.**

Court of Appeals of Arizona,
Division 1, Department B.

Dec. 18, 2007.

Terry Goddard, Attorney General By Randall M. Howe, Chief Counsel, Criminal Appeals Section and Michael O'Toole, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Law Office of Treasure VanDreumel PLC By Treasure L. VanDreumel, Phoenix, Attorneys for Appellant.

**OPINION**

OROZCO, Judge.

¶ 1 Kelvin Thomas Simpson (Defendant) appeals from two counts of child molestation and two counts of attempted child molestation following a jury trial and from the sentences imposed. For the reasons set forth below, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶ 2 "We view the facts in the light most favorable to sustaining the convictions." *State v. Robles*, 213 Ariz. 268, 270, ¶ 2, 141 P.3d 748, 750 (App.2006). On June 2, 2005, A.A., her twin sister, N.A., and their niece, F.A., were swimming in a pool at an apartment complex where the sisters lived. A young boy was also in the pool and the boy's mother was watching the children swim.

¶ 3 At the time of trial, all three girls were nine years old. A.A. testified that while swimming, a man, later identified as Defendant, grabbed her with his left hand while his right hand touched her twice on her vagina over her clothes. A.A. stated she was uncomfortable and tried to get away from him. She asked the boy to tell his mother about the incident. However, the boy was too young to understand what she was relating and the boy's mother did not speak English. Later, A.A. told her own mother what occurred.

¶ 4 F.A. testified at trial that while swimming in the pool, Defendant touched her on her thigh near her vagina. She also tried to tell the boy and his mother about it, but neither could understand her. However, when some friends came over to the pool, F.A. told them to tell her grandmother about the incident.

¶ 5 N.A. testified that when she was swimming with her sister and her niece, Defendant touched her "upper leg." She said that because she was bothered by the touch, she told her sister and her niece.

¶ 6 The twins' mother, F.F., and F.A.'s grandmother, testified at trial. She stated that when she returned home from the grocery store and walked by the pool, she saw Defendant in the pool with the girls. She indicated she was concerned about the situation because she had seen Defendant staring at "little girls" and "wom[e]n" for "long periods of time."

¶ 7 F.F. testified that as she was putting her groceries away, a neighbor girl came by her apartment and said the boy's mother wanted to talk to her. After they spoke, F.F. took the children out of the pool and called the police. F.F. testified that she had previously instructed the girls that if anyone touched their private areas, they should tell someone.

¶ 8 A Phoenix Police Officer responded to the call at the victims' apartment complex. He testified the victims appeared upset. He indicated he spoke to the boy's mother who reported that Defendant "had looked at the children in a bad way." Defendant was arrested that day.

¶ 9 A few days after the incident, a Phoenix Police Detective interviewed the three children individually. The detective used a stuffed bear to assist the girls in identifying the body parts where Defendant had touched them. A.A. indicated Defendant had touched her on the vagina over her clothes. N.A. and F.A. indicated that Defendant had touched each of them on the crevice of the upper thigh near the vagina. The detective also interviewed the boy's mother who reported she did not see Defendant touch the children.[1]

¶ 10 Defendant was indicted on two counts of child molestation (A.A.) and two counts of attempted child molestation (F.A. and N.A.), all class 3 dangerous crimes against children. The jury found him guilty on all counts. The court sentenced Defendant to the presumptive term of imprisonment of seventeen years on Count One and a mitigated term of imprisonment of ten years on Count Two,[2] the

---

1. Defendant did not testify at trial. However, his defense was that the children were either mistaken about what occurred, they had reported it incorrectly or any contact by him was "inadvertent."

2. The minute entry of September 1, 2006, erroneously states the term of imprisonment for Count Two was the presumptive term. However, based on the oral pronouncement by the trial court at the sentencing hearing, it is clear the court imposed a mitigated sentence as to Count Two. *See State v. Hanson*, 138 Ariz. 296, 304–05,

674 P.2d 850, 858–59 (App.1983) ("Where there is a discrepancy between the oral sentence and the written judgment, the oral pronouncement of sentence controls."). Pursuant, therefore, to A.R.S. § 13–604.01 (Supp.2006), we correct the minute entry to reflect the trial court's imposition of a *mitigated* sentence as to Count Two. *See State v. Vandever*, 211 Ariz. 206, 210, 119 P.3d 473, 477 (App.2005) (holding that this court must correct an inadvertent error in a sentencing minute entry); *see also State v. Stevens*, 173 Ariz. 494, 496, 844 P.2d 661, 663 (App.1992).

sentences to run consecutively. The court imposed lifetime probation on Counts Three and Four to begin after Defendant served the sentences on Counts One and Two. Defendant timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1) (2003), 13–4031, and –4033(A)(1) (2001).

## DISCUSSION

¶ 11 On appeal, Defendant argues the trial court committed fundamental error in failing to fully instruct the jury on the requisite culpable mental states for child molestation and attempted child molestation. In particular, he claims the court was required to inform the jury that to convict him, the jury had to find that Defendant's actions were motivated by sexual interest pursuant to A.R.S. § 13–1407(E) (Supp.2006).

¶ 12 As Defendant did not object to the instructions given "and did not request any additional instruction, we review only for fundamental error." *State v. Garnica,* 209 Ariz. 96, 99, ¶ 15, 98 P.3d 207, 210 (App.2004). "To obtain relief under the fundamental error standard of review, [a defendant] must first prove error." *State v. Henderson,* 210 Ariz. 561, 568, ¶ 23, 115 P.3d 601, 608 (2005). The defendant must then show that the "error complained of goes to the foundation of his case, takes away a right that is essential to his defense, and is of such magnitude that he could not have received a fair trial." *Id.* at ¶ 24, 115 P.3d 601. Finally, the defendant must "demonstrate that the error caused him prejudice." *Id.* at ¶ 26, 115 P.3d 601.

¶ 13 The jury was instructed according to the applicable statutes. Under A.R.S. § 13–1410(A) (2001), "[a] person commits molestation of a child by intentionally or knowingly engaging in ... sexual contact ... with a child under fifteen years of age." Under A.R.S. § 13–1401(2) (2001), " '[s]exual contact' means any direct or indirect touching, fondling or manipulating of any part of the genitals, anus or female breast by any part of the body...." Under A.R.S. § 13–1001(A)(2) (2001), "[a] person commits attempt, if acting with the kind of culpability otherwise required for commission of an offense, such person ... [i]ntentionally does ... anything which, under the circumstances as such person believes them to be, is any

step in a course of conduct planned to culminate in commission of an offense...."

¶ 14 Pursuant to A.R.S. § 13–105(9)(a) (Supp.2006), " '[i]ntentionally' ... means, with respect to a result or to conduct described by a statute defining an offense, that a person's objective is to cause that result or to engage in that conduct." Under A.R.S. § 13–105(9)(b), " '[k]nowingly' means, with respect to conduct or to a circumstance described by a statute defining an offense, that a person is aware or believes that his or her conduct is of that nature or that the circumstance exists."

¶ 15 Under A.R.S. § 13–1407(E), "[i]t is a defense to a prosecution pursuant to § 13–1404 or 13–1410 that defendant was not motivated by a sexual interest." Defendant claims the trial court should have *sua sponte* instructed the jurors that the State was required to prove that Defendant's actions were motivated by sexual interest under A.R.S. § 13–1407(E). We disagree.

¶ 16 In construing a statute, "[w]e look primarily to the language of the statute itself and give effect to the statutory terms in accordance with their commonly accepted meanings." *State v. Reynolds,* 170 Ariz. 233, 234, 823 P.2d 681, 682 (1992). "If a statute's language is clear and unambiguous, the court will give it effect without resorting to other rules of statutory construction." *Id.*

¶ 17 The elements of the crime of child molestation are set forth in A.R.S. § 13–1410. *See In re Jerry C.,* 214 Ariz. 270, 273, ¶ 9, 151 P.3d 553, 556 (App.2007). The affirmative defenses applicable to specific sexual offenses in Chapter 14 are set forth in A.R.S. § 13–1407. *See State v. Getz,* 189 Ariz. 561, 564–65, 944 P.2d 503, 506–07 (1997).

¶ 18 The statutory elements under § 13–1410 are clear and unambiguous. The statute defining the crime of child molestation does not require the State to prove that Defendant's conduct was motivated by sexual interest under A.R.S. § 13–1407(E). Our supreme court has held that because defining crimes is a legislative function, "[c]ourts may not add elements to crimes defined by statute...." *State v. Miranda,* 200 Ariz. 67, 69, ¶ 5, 22 P.3d 506, 508 (2001) (disorderly con-

duct statute does not require that one actually disturb the peace as an element of offense, but only requires commission of certain acts with intent to disturb peace); *see also Getz,* 189 Ariz. at 563–66, 944 P.2d at 505–08 (where statute defining offense of sexual abuse under A.R.S. § 13–1404 is "plain on its face," it must be applied "as written" and any affirmative defense under § 13–1407 should not be "inject[ed]" into elements of the crime); *State v. Sandoval,* 175 Ariz. 343, 345–47, 857 P.2d 395, 397–99 (App.1993) (trial court erred in dismissing charges against defendant for indecent exposure on ground that defendant's actions had to be motivated by sexual interest where language of statute defining crime was unambiguous and did not include this as an element).

¶ 19 The "sexual interest" provision of § 13–1407(E) is not an element of the offense of child molestation, but rather "create[s] an affirmative defense regarding motive." *State v. Sanderson,* 182 Ariz. 534, 542, 898 P.2d 483, 491 (App.1995). Thus, "proving the existence of [sexual] motivation [is] not necessary to establish guilt of child molestation under the statute at issue." *Id.* Further, under A.R.S. § 13–205(A) (Supp.2006), "[e]xcept as otherwise provided by a law, a defendant shall prove any affirmative defense raised by a preponderance of the evidence." *See State v. Farley,* 199 Ariz. 542, 544, ¶ 11, 19 P.3d 1258, 1260 (App.2001) (an affirmative defense is not an element of an offense but "is a matter of avoidance of culpability even if the State proves the offense beyond a reasonable doubt.").

¶ 20 Relying on *State v. Lujan,* 192 Ariz. 448, 451, ¶ 7, 967 P.2d 123, 126 (1998) and *Maricopa County Juv. Action No. JV–121430,* 172 Ariz. 604, 606–07, 838 P.2d 1365, 1367–68 (App.1992), Defendant argues that the crime of child molestation not only requires that the defendant touch a child's private parts but also that the defendant be motivated by a sexual interest. In *JV–121430,* this court interpreted a prior version of A.R.S. § 13–1410 which made it a crime to "knowingly molest [ ] a child under the age of fourteen years by directly or indirectly

touching the private parts of such child . . . ." 172 Ariz. at 606 n. 2, 838 P.2d at 1367 n. 2. Because the statute did not define "molest," a term which the court noted connoted sexual motivation, it clarified the requisite mental state for the crime of molestation.[3] Construing the term "molest" in light of certain statutory changes, including the enactment of A.R.S. § 13–1407(E), the court concluded "the intent necessary to commit the crime of molestation is . . . that the actor be motivated by a 'sexual interest.' ". *Id.* at 606–07, 838 P.2d at 1367–68.

¶ 21 In *State v. Lujan,* the defendant was convicted of child molestation when he touched a child on her private parts while swimming in a pool. 192 Ariz. at 450–51, ¶¶ 2, 7, 967 P.2d at 125–26. Defendant claimed that although he had physical contact with the victim, he never touched her private parts. *Id.* at 451, ¶ 8, 967 P.2d at 126. Because the offense occurred in 1993, the defendant was convicted under a similar, but modified, version of A.R.S. § 13–1410, which made it a crime to "knowingly molest [ ] a child under the age of fifteen years by directly or indirectly touching private parts of such child. . . ." *Id.* at 451, ¶ 7, 967 P.2d at 126. Relying on *JV–121430* and A.R.S. § 13–1407(E), the Arizona Supreme Court, in dicta, similarly interpreted the "knowingly molests" language as requiring an additional finding that a defendant be motivated by a "sexual interest." *Lujan,* 192 Ariz. at 451, ¶ 7, 967 P.2d at 126.

¶ 22 Neither *JV–121430* nor *Lujan* construed the current version of A.R.S. § 13–1410, enacted in 1993, which differs from the previous version as the current version does not contain the language "knowingly molests." *See* 1993 Ariz. Sess. Laws, ch. 255, § 29. These cases are, therefore, not persuasive in construing the applicable version of the statute. Also, the current version of A.R.S. § 13–1410 makes molestation of a child a crime if a person "intentionally or knowingly engag[es] in . . . sexual contact . . . with a child under fifteen years of age." Nothing in either *JV–121430* or *Lujan* com-

---

3. Courts interpreting this version of the child molestation statute required a showing of an "unnatural or abnormal sexual interest." *See, e.g., State v. Trenary,* 79 Ariz. 351, 354, 290 P.2d 250, 252 (1955); *Pima County Juv. Appeal No. 74802–2,* 164 Ariz. 25, 33–34, 790 P.2d 723, 731–32 (1990); *State v. Anderson,* 128 Ariz. 91, 92, 623 P.2d 1247, 1248 (App.1980).

pels this court to interpret the A.R.S. § 13-1410, as amended, to require proof of "sexual interest" as an element of the offense.[4]

¶ 23 At trial, Defendant did not assert the affirmative defense that he was not motivated by sexual interest under A.R.S. § 13-1407(E) nor did he present evidence of this defense. Rather, his counsel argued during closing argument that if any touching occurred, it was accidental and defendant did not intentionally or knowingly engage in sexual contact with the children. *Cf. Sanderson,* 182 Ariz. at 542, 898 P.2d at 491 (where defendant was intoxicated when he inappropriately touched the private areas of two children, court found evidence of intoxication sufficient to raise defense that he was not motivated by a sexual interest and jury was so instructed). Because Defendant did not assert this defense, the trial court was not obliged to instruct the jury accordingly.[5] We find no error, fundamental or otherwise.

### CONCLUSION

¶ 24 We have reviewed the issue raised by Defendant. For the foregoing reasons, we affirm his convictions and sentences. Furthermore, we correct the minute entry dated September 1, 2006 to reflect that Defendant was sentenced to a mitigated sentence as to Count Two.

CONCURRING: DANIEL A. BARKER, Presiding Judge and ANN A. SCOTT TIMMER, Judge.

---

4. We should note that in the recent case of *In re James P.,* 214 Ariz. 420, 425, ¶¶ 21-22, 153 P.3d 1049, 1054 (App.2007), this court indicated that sexual motivation was an element of child molestation. However, *James P.* addressed whether assault was a lesser-included offense of child molestation, pursuant to A.R.S. § 13-1203(A)(1) (2001), and did not address or attempt to define the elements of child molestation under A.R.S. § 13-1410.

5. Defendant also contends that the detective who interviewed the children allegedly gave his opinion about what the child molestation statute stated. He alleges this testimony misstated the law and compounded the error. Defendant objected to the testimony and the court overruled the objection. Later, Defendant requested an instruction informing the jury not to consider the officer's interpretation of the law, but the court denied the request. On appeal, Defendant has not raised the issue that the failure to give a curative instruction was error. Furthermore, to the extent Defendant claims the detective's testimony was improper because he opined that mere touching of a child's private parts (regardless of sexual motivation) violates the statute, that argument fails for the reasons set forth above.