590 P.2d 948

STATE of Arizona, Appellee,

v.

Bill Don SNODGRASS, Appellant.

No. 1 CA–CR 3334.

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 6, 1979.

John A. LaSota, Jr., former Arizona Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., and Gregory A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, for appellant.

## OPINION

OGG, Chief Judge.

A complaint was filed against appellant Bill Snodgrass charging aggravated assault (or in the alternative obstructing justice) in Count One and obstructing justice in Count Two, arising from a disturbance in Chandler, Arizona in January of 1976. Following a preliminary hearing Count One was dismissed, and a subsequent Information was filed on Count Two, charging the violation of A.R.S. § 13–541(A) (Supp.1978). Pursuant to a plea bargain, appellant pleaded "no contest" to the Information. The trial court found appellant guilty of obstructing justice, and he appealed from that judgment and the resulting sentence. In an opinion filed September 7, 1977, this court found that the record did not contain a sufficient factual basis to support the charge of obstructing Chandler Police Offi-

cer Maxwell as alleged in the Information, and the matter was remanded to the trial court. *State v. Snodgrass*, 117 Ariz. 107, 570 P.2d 1280 (App.1977). On remand the case was tried to a jury in February, 1978, and appellant was again found guilty of obstructing justice. The trial court entered judgment of guilt against appellant for obstructing justice, and designated the offense as open-ended; appellant was placed on five years probation, conditioned on his serving 15 weekends in jail.[1] He appeals from the judgment of conviction and sentence.

In addition to the facts set forth in *State v. Snodgrass*, the following facts are necessary for a determination of the issues raised herein. As officers of the Chandler Police Department attempted to control an obstreperous crowd at the parking lot of the Wingfoot Market, Officer Irwin observed Larry Hobbs swinging, clawing and cursing at Officer Branick. Officer Irwin attempted to arrest Hobbs, and in the course of trying to handcuff him, they began wrestling. At this time, Bobby Howard tried to pull Officer Irwin away from Hobbs; Officer Irwin pushed Howard away, but Howard returned and struck Officer Irwin in the face, causing several wounds. Officer Maxwell then sought to arrest Howard. While Officer Maxwell was attempting to place Howard into the police patrol car, appellant Snodgrass grabbed Officer Maxwell and tried to pull him away from Howard. According to testimony by several officers, appellant was pushing, shoving and grabbing Officer Maxwell from behind, attempting to thwart Howard's arrest. Officer Branick then grabbed appellant, and he released his grip on Officer Maxwell. Appellant struggled and was temporarily subdued only when Officer Branick placed a "sleeper hold" on him. After the "sleeper hold" was removed, appellant recovered his senses and fought the police officers as they attempted to place him into the patrol car by struggling and kicking. Snodgrass testified that after he arrived at the market, he

said something to the officers which he could not recall, and was immediately maced. After being maced, the officers choked him, and Snodgrass' next recollection was waking up in jail. He could not recall grabbing, pulling or striking at Officer Maxwell.

Appellant's first claim of error concerns the trial court's failure to give a requested jury instruction. The trial court instructed the jury on the elements of the crime of obstructing justice by reading verbatim from A.R.S. § 13–541(A) (Supp.1978) as follows:

> "A person who attempts by means of any threat or violence to deter or prevent a public officer from performing any duty imposed upon the officer by law, or who willfully resists, delays or obstructs a public officer in the discharge or attempt to discharge any duty of his office, or who knowingly resists by the use of force or violence the officer in the performance of his duty," is guilty of the crime of Obstructing Justice.

Appellant's trial counsel requested the following instruction:

> In obstructing justice, the threat against the police officer must be proven to be an attempt to deter or prevent a public officer from performing any duty imposed upon the officer by law. An attempt is not established by words alone. There must be an accompanying overt act and specific intent which must be shown by evidence other than the overt act itself. Therefore, the threat must be accompanied by one, an overt act and two, evidence of specific intent to constitute a crime.

The trial court refused to give this requested instruction but did instruct the jury as follows:

> The words resist, delay and obstruct do not specifically require the use of direct force or actual violence, but do require some physical act or exertion other than mere speech.

---

1. We note that the defendant's sentence in this case is different from that previously imposed. No issue relative to the new sentence has been raised in this appeal, and we find no prejudice to the defendant in the sentence imposed.

As Judge Wren recognized in *State v. Snodgrass*, A.R.S. § 13–541(A) contains three separate clauses, each of which proscribes separate types of conduct. Clause one is directed at anyone who "attempts by means of any threat or violence to deter or prevent a public officer from performing any duty imposed upon the officer by law." Clause two is directed at anyone who "willfully resists, delays or obstructs a public officer in the discharge or attempt to discharge any duty of his office," while clause three is directed at one who "knowingly resists by the use of force or violence the officer in the performance of his duty."

The opinion in *Snodgrass* analyzed each of these three clauses separately, and concluded that none of them proscribed mere speech; mere speech does not constitute an offense under this statute. Appellant's requested instruction, as set forth above, is a correct statement of the law as set forth in *Snodgrass*. The problem with the trial court's instruction as to the terms "resist, delay and obstruct" is that the definitions referred only to the conduct proscribed under clause two of the statute. It is not possible to know which of the three clauses of the statute the jury concluded that appellant had violated. Clause one proscribed "any threat or violence", clause two was covered by the trial court's definitions of "resist, delay and obstruct", and clause three prohibits "use of force or violence"; none of these terms in clause one or clause three were defined by the trial court. Appellant thus argues, with particular emphasis upon the term "threat" in clause one, that the jury might have found appellant guilty on the basis of mere speech, believing that only "resisting, delaying or obstructing" required an overt act on the part of the defendant.

 We agree with appellant's assertion that the instructions were defective. However, failure to give a defendant's requested instruction is not automatically reversible error; the error must be prejudicial to substantial rights of a defendant, and such prejudice will not be presumed but must appear from the record. *State v. Colson*, 17 Ariz.App. 598, 499 P.2d 726 (1972); *State v. Dziggel*, 16 Ariz.App. 289, 492 P.2d 1227 (1972). We are unable to find such error on this record. The state presented evidence which clearly showed physical contact with Officer Maxwell by the appellant. We also think the closing arguments of counsel in this case are significant. The prosecutor told the jury:

[Snodgrass] was there, he was yelling, as was the rest of the crowd, at the officers, shouting obscenities. But that is not what we are concerned about. What we are concerned about is actually going up to Officer Maxwell and grabbing hold of him and attempting to separate him from his prisoner.

. . . He may or may not have had any reason to be upset, but that gives him no right, no right whatsoever under the law to interfere with Officer Maxwell in making this arrest. And when he did so, when Mr. Snodgrass interfered with that arrest, he himself committed this crime of Obstructing Justice.

. . . He was placed under arrest and then he fought with Officer Maxwell, kicking at him in his attempt, along with the other two officers, to place the Defendant in the patrol car. And the whole series of events from the point in time when Mr. Snodgrass grabbed hold of Officer Maxwell and fought with him on the way to the patrol car is the crime itself, the whole series of events.

. . . . .

The Court will read the definition of obstructing. The Court will also instruct you as to what some particular words that are used in that statute mean; specifically, resist, delay and obstruct. The Court will tell you that the statute requires that in order to resist, delay or obstruct justice, that the Defendant, Mr. Snodgrass, must have been involved in a physical act or exertion of some force.

In other words, for instance, there was testimony that members of the crowd were yelling and shouting obscenities at the police officers. That is not obstructing justice. That is not what we are

concerned with. But we are concerned about Mr. Snodgrass' actually going up and trying to pull Officer Maxwell off Mr. Howard and Mr. Snodgrass struggling, fighting, resisting the attempt of Officer Maxwell to place him under arrest. Now certainly Officer Maxwell was not the only one who had ahold of Mr. Snodgrass. That was necessary because it took more than one officer, apparently took three or four of them.

In his portion of the closing arguments, the defense attorney likewise dwelt on only these acts mentioned by the prosecutor. From all the foregoing, we think it is clear that appellant was fairly tried for his "overt acts" and not for "mere speech". We therefore find no error prejudicial to the substantial rights of the appellant which would require reversal.

■ During the trial the court admitted into evidence two photographs which depicted the injuries sustained by Officer Irwin. Appellant contends that the court committed prejudicial error by admitting into evidence these photographs, which depict injuries sustained by a person other than the victim and inflicted by a person other than the appellant. We have examined the photographs in question and do not believe they could have been prejudicial. The injuries depicted are not gruesome or shocking. At any rate, photographs which have a bearing upon an issue in a case may be received, although they may also have a tendency to prejudice the jury against the person who committed the offense; the discretion of the trial court in this regard will not be disturbed on appeal unless it has been clearly abused. *State v. Mohr*, 106 Ariz. 402, 476 P.2d 857 (1970). The photographs tended to corroborate the testimony that Officer Irwin had been assaulted by Bobby Howard, and therefore that Officer Maxwell's arrest of Bobby Howard was lawful. Further, we believe that the photographs were admissible to aid the jury in understanding the testimony of the state's witnesses, *State v. Mohr*, and to corroborate the testimony of those witnesses. *State v. Mosley*, 119 Ariz. 393, 581 P.2d 238 (1978). We therefore find no abuse of the trial court's discretion in admitting the photographs. *State v. Mohr*.

We have reviewed the entire record as required by A.R.S. § 13–4035 (1978) and have found no error. The judgment of conviction and sentence are affirmed.

SCHROEDER, P. J., and JACOBSON, J., concurring.