779 P.2d 823

**The STATE of Arizona, Appellee,**

v.

**Ronald John BRUGGEMAN, Appellant.**

**No. 2 CA–CR 88–0305.**

Court of Appeals of Arizona, Division 2, Department B.

March 28, 1989.

Review Denied Sept. 19, 1989.

Robert K. Corbin, Atty. Gen. by Eric J. Olsson, Tucson, for appellee.

Harold L. Higgins, Jr., Pima County Public Defender by Wayne E. Yehling, Tucson, for appellant.

## OPINION

FERNANDEZ, Judge.

Appellant was convicted by a jury of two counts of public sexual indecency to a minor, a class 5 felony, and was sentenced to concurrent, aggravated prison terms of 2.5 years. On appeal, appellant contends the court erred in 1) admitting prior consistent statements, 2) misinstructing the jury, 3) admitting evidence of other acts, 4) improperly applying A.R.S. § 13–604.02, and 5) erroneously imposing two fines to the victim compensation fund. We affirm.

At the Tucson Mall on August 14, 1987, appellant approached three young girls, ages 9, 9 and 11, who were walking together. Holding his arms out wide, appellant apparently tried to corner the girls against a storefront, but they ducked under his arms and walked away. Appellant followed them, fondling his genitals through his clothing until the girls sat on a bench. Appellant then stood near a pole a short distance away and continued to fondle himself. Two of the girls testified that appellant then exposed his penis. An adult female testified that she saw appellant standing near the girls with his hands folded over his crotch area.

A mall security guard testified that on the same afternoon he received a report from a person working in the mall that he should investigate the behavior of a particular person. The guard observed appellant watching the girls, and he followed the man through several mall stores until he went into the Sears store. Appellant stopped at a display rack that held small girls' clothing and began watching two other girls, approximately 10 or 12 years old, who were standing nearby. The guard then took appellant to the mall security office. After being advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), appellant told the police officer who had been called to the scene that he had thrust his finger through his unzipped pants to simulate a penis. The victims identified appellant both at the security office and at trial.

## ADMISSION OF PRIOR CONSISTENT STATEMENTS

At trial, defense counsel called a Tucson police detective who had interviewed the girls by telephone three days after the incident. The detective testified to inconsistencies between the girls' trial testimony and their interview responses. The state, on cross-examination, then asked the detective about other statements the girls had made in their interviews. Appellant contends the court erred in permitting

the testimony, arguing that it violated Rule 801(d)(1)(B), Ariz.R.Evid., 17A A.R.S., because there was no charge of recent fabrication or improper influence.

During closing argument, appellant's counsel contended the young girls had difficulty remembering what had occurred and that they were confused about what they had seen. When the memory of a witness is attacked, "a consistent statement made near the time of the event testified to is admissible." M. Udall and J. Livermore, Arizona Law of Evidence, § 50 at 99 (2d ed. 1982).

In his concurrence in *United States v. Rubin,* 609 F.2d 51, 66 (2d Cir.1979), aff'd, 449 U.S. 424, 101 S.Ct. 698, 66 L.Ed.2d 633 (1981), Judge Friendly noted that the limitations of Rule 801(d)(1)(B) apply "only to the use of prior consistent statements as *affirmative evidence* and are not controlling when such statements are used *only for rehabilitation.*" (Emphasis in original.) See also *United States v. Pierre,* 781 F.2d 329 (2d Cir.1986). Even though the consistent statements were admitted, the inconsistent statements remained and were freely argued by appellant's counsel in closing argument. Under the circumstances, therefore, we find no error in the admission of the testimony.

## JURY INSTRUCTIONS

■ The court instructed the jury, in pertinent part, as follows:

A person commits public sexual indecency to a minor by intentionally or knowingly fondling or manipulating any part of the genitals, directly or indirectly, and such person is reckless whether a person under the age of 15 is present.

Indirectly touching includes touching done through the clothing.

Appellant contends that the court, by including the word "touching" in the instruction, bypassed the more precise requirements of the first paragraph and, in effect, told the jury it could convict appellant for touching himself in any manner whatever.

We note that appellant's counsel, in his closing argument, explained the language to the jury in the following manner:

And those words, fondling and manipulating, that's not the same as holding or touching. Those words were chosen carefully by the legislature for this particular offense. And you know fondling, that means to caress, to *touch* in a way that indicates motion or movement significantly.

(Emphasis added.) We also note the following portions of the state's closing argument:

Indirect touching includes touching them through the clothing. That is, you know, the layer of clothing in between, say, the hand and the genitals. The law provides that the person is guilty of fondling or manipulating the genitals if it is done directly or indirectly. It doesn't have to be skin to skin.

\*   \*   \*   \*   \*   \*

The whole thing is of a sexual nature. He was touching his genital areas. He wasn't touching his elbow or knees.

■ Appellate courts do not evaluate jury instructions out of context. See *State v. Rodriguez,* 114 Ariz. 331, 560 P.2d 1238 (1977). Closing arguments of counsel may be taken into account when assessing the adequacy of jury instructions. *State v. Rodriguez, supra; State v. Anderson,* 128 Ariz. 91, 623 P.2d 1247 (App.1980); *State v. Snodgrass,* 121 Ariz. 409, 590 P.2d 948 (App.1979). Although the last sentence of the instruction is not drafted as artfully as it should be, we find the error was not fatal when the sentence is read in the context of the whole instruction. Furthermore, the final arguments clearly focused on the requirements of the statute and thus clarified any possible misunderstanding. We find that the jury could not have been misled by the instruction.

## EVIDENCE OF OTHER BAD ACTS

■ Appellant next contends the court erred in admitting the security guard's testimony that he had seen appellant staring at two other young girls in the Sears store while pretending to look at children's clothing on display. Appellant objected that the evidence was irrelevant to the charges and that it had not been timely disclosed by the state. On appeal, appellant argues, for the

first time, that the evidence should have been excluded under Rule 403, Ariz.R. Evid., 17A A.R.S. That ground has been waived because it was not argued to the trial court. *State v. Neal,* 143 Ariz. 93, 692 P.2d 272 (1984).

Appellant also argues that the evidence should have been excluded under Rule 404(b), contending it does not fall within any of that rule's exceptions. As he concedes, however, his behavior in the Sears store was neither criminal nor wrongful on its face. Therefore, it does not fall within Rule 404(b). We find the testimony was admissible because it was relevant to appellant's conduct in the mall at a time and place near enough to the crimes charged to provide context for the victims' testimony. As is true of any circumstantial evidence, appellant's behavior in the Sears store tended to prove a fact from which a fact in issue could be inferred—appellant's interest in young girls. See *State v. Coleman,* 147 Ariz. 578, 711 P.2d 1251 (App.1985). We find no error.

### PROPRIETY OF APPLICATION OF A.R.S. § 13–604.02

█ Appellant contends that the court did not make a proper finding for the application of A.R.S. § 13–604.02. He first contends that error occurred because at one point the court mistakenly stated that appellant was on parole at the time of the crimes. Appellant in fact was on probation at the time, and all the evidence in the record so indicates. We find no error because there is no distinction between parole and probation under A.R.S. § 13–604.02.

█ Secondly, appellant contends the evidence was insufficient to support a finding that appellant was on probation at the time he committed these offenses. The finding required for purposes of sentencing under A.R.S. § 13–604.02 is in the nature of an aggravating circumstance finding. *State v. Carter,* 145 Ariz. 101, 700 P.2d 488 (1985); *State v. Turner,* 141 Ariz. 470, 687 P.2d 1225 (1984). In determining whether an aggravating circumstance exists, a trial judge "may consider all evidence and information presented at all stages of the trial together with all probation and presentence

reports...." *Turner,* 141 Ariz. at 475, 687 P.2d at 1230, quoting *State v. Meador,* 132 Ariz. 343, 346, 645 P.2d 1257, 1260 (App. 1982). We find sufficient evidence in the record to support the court's finding.

### VICTIM COMPENSATION FUND FINES

█ The final issue presented is whether the trial court correctly ordered appellant to pay $200 under A.R.S. § 13–812, which requires a felony penalty assessment that is transferred to the victim compensation fund. Appellant contends the imposition of two fines constitutes double punishment for the same act. We find no merit to the contention. Division One of this court in *State v. Ramos,* 155 Ariz. 468, 747 P.2d 629 (App.1987), has ruled to the contrary. We find both multiple acts by appellant and multiple victims; therefore, the assessment of a fine for each felony conviction was proper.

Affirmed.

LACAGNINA, C.J., and ROLL, P.J., concur.