NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOSE VALDEZ ZAMORANO, *Appellant.*

No. 1 CA-CR 17-0406
FILED 5-24-2018

Appeal from the Superior Court in Maricopa County
No.  CR2016-137124-001
The Honorable David O. Cunanan, Judge

**AFFIRMED**

COUNSEL

The Hopkins Law Office, P.C., Tucson
By Cedric Martin Hopkins
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Jennifer B. Campbell joined.

---

**B E E N E**, Judge:

¶1        Jose Valdez Zamorano ("Zamorano") appeals his convictions and sentences.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Zamorano and the victim, B.H., married in February 2014 and had three children together.  After experiencing marital problems in early 2016, Zamorano moved out of the family home.  On July 5, 2016, Zamorano picked up the two oldest children from daycare and dropped them off with B.H. at her residence.  Zamorano then asked B.H. if he could come inside the house to talk.  Initially B.H. refused, but ultimately relented, telling Zamorano, "Fine, we'll talk.  But we are going to sit away from each other, and we have to maintain calmness."  During his visit, Zamorano tried to engage in physical contact with B.H. despite her repeated objections.  After ending the conversation with Zamorano, B.H. went into the bathroom with the children to give them a bath.  While in the bathroom, Zamorano yelled out that he was leaving and told B.H. to come lock the door.

¶3        When B.H. went to lock the door, Zamorano grabbed her by the legs, picked her up and carried her into the kitchen, where he sat her down on the countertop.  B.H. repeatedly told him to leave her alone, and the two began to struggle.  After Zamorano unfastened her bra, B.H. was able to get off the counter, but Zamorano forced her to the floor where he continued his attempt to take off her clothes.  As the two continued to struggle, Zamorano removed B.H.'s underwear.  Zamorano then digitally penetrated B.H.'s vagina and attempted penile penetration.  Zamorano only stopped his attack when one of the couple's children came into the kitchen. Zamorano left the house when B.H. told him she was going to call the police.

¶4        Zamorano was charged with two counts of sexual assault (counts 1 and 2) and one count of kidnapping (count 3).  At trial, Zamorano's counsel presented a "mistake of fact" defense, arguing that

Zamorano believed B.H. consented because the couple had sex a few weeks prior to the incident. To further this defense strategy, Zamorano requested a "mistake of fact" jury instruction. The superior court denied the instruction, finding that Zamorano's counsel could advocate for mistake of fact during his closing arguments, and the standard jury instructions on sexual assault were sufficient.

¶5        Zamorano was convicted of one count of sexual assault (count 2) and one count of kidnapping (count 3). We have jurisdiction over his timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A).

## DISCUSSION

¶6        Zamorano argues that the superior court erred by failing to give the jury a mistake of fact instruction. We review the decision of whether to give a jury instruction for an abuse of discretion. *State v. Forde*, 233 Ariz. 543, 566, ¶ 90 (2014). We review the adequacy of jury instructions in their entirety to determine if they accurately reflect the law. *State v. Hoskins*, 199 Ariz. 127, 145, ¶ 75 (2000). Although a defendant is entitled to jury instructions reasonably supported by evidence at trial, *State v. Trostle*, 191 Ariz. 4, 15 (1997), the court is not required to give an instruction which is adequately covered by other instructions, *Hoskins*, 199 Ariz. at 145, ¶ 75. Closing arguments of counsel may also be considered when assessing the adequacy of jury instructions. *State v. Bruggeman*, 161 Ariz. 508, 510 (1989).

¶7        Zamorano asked the superior court to give the following jury instruction:

> A mistaken belief as to matter of fact does not relieve a person of criminal liability unless it negates the culpable mental state required for commission of the offense.

¶8        The court declined to give the mistake of fact instruction, finding it not appropriate, and reasoning that Zamorano could argue mistake of fact to the jury. The superior court provided the following instruction to the jurors as to the elements of kidnapping and sexual assault:

> The crime of kidnapping requires proof that the defendant knowingly restrained another person with the intent to inflict a sexual offense on the person. The crime of sexual assault requires proof that the defendant:

1. Intentionally or knowingly engaged in sexual intercourse or oral sexual contact with another person; and

2. Engaged in the act without the consent of the other person; and

3. *The defendant knew the act was without consent of the other person.* (Emphasis added).

The jurors were also given the statutory definitions of "intentionally," "knowingly," "voluntary act," and "without consent."

**¶9** In his closing argument, Zamorano's counsel told the jurors, "Mr. Zamorano's defense was one of mistake of fact," and made specific reference to the jury instruction that required that the State prove beyond a reasonable doubt that Zamorano "knew the act was without the consent of the other person." Additionally, in its closing argument, the State acknowledged, on multiple occasions, that it had to prove that Zamorano "knew" that the act of sexual intercourse with B.H. was not consensual.

**¶10** The jury instructions given, combined with Zamorano's arguments regarding mistake of fact, sufficiently instructed jurors that, to prove sexual assault, the State had to prove that Zamorano intentionally or knowingly engaged in sexual intercourse with B.H. without her consent. Thus, the superior court did not abuse its discretion when it denied Zamorano's requested mistake of fact instruction because the substance of his defense was adequately covered by the instructions given at trial. *See State v. Tarr*, 235 Ariz. 288, 293, ¶ 14 (App. 2014) (stating that "a trial court is not required to give a proposed instruction when its substance is adequately covered by other instructions."). The instructions given by the court did not mislead the jurors; instead, they accurately stated the law of consent. *See State v. Doerr*, 193 Ariz. 56, 65, ¶ 35 (1998) ("Where the law is adequately covered by instructions as a whole, no reversible error has occurred."). The closing arguments of both defense counsel and the State also made it clear that if Zamorano mistakenly believed the victim had consented, then the jurors were required to find him not guilty of sexual assault and kidnapping. *See Bruggeman*, 161 Ariz. at 510; *see also State v. Morales*, 198 Ariz. 372, 374, ¶ 5 (App. 2000) (noting that any alleged ambiguity in jury instructions are alleviated when closing arguments make clear the requisite elements of the charged offense).

## CONCLUSION

¶11        For the foregoing reasons, we affirm Zamorano's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:  AA