IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JERRY L. STUEBE, *Appellant*.

No. 1 CA-CR 19-0032

FILED 6-30-2020

Appeal from the Superior Court in Maricopa County
No. CR2018-108628-002
The Honorable Dewain D. Fox, Judge

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Casey D. Ball
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jennifer Roach
*Counsel for Appellant*

**OPINION**

Judge James B. Morse Jr. delivered the opinion of the Court, in which Presiding Judge David D. Weinzweig and Judge Jennifer M. Perkins joined.

**M O R S E,** Judge:

**¶1**          Jerry L. Stuebe appeals his convictions and sentences for burglary in the third degree and possession of burglary tools. In this opinion, we hold that an automated email and a "machine-produced" video recording attached to the email are not hearsay because they were not made by a "person." For the reasons that follow, and the reasons stated in a separately filed memorandum decision, we affirm Stuebe's convictions and sentences but vacate the portion of the superior court's sentencing order requiring Stuebe to pay the costs of deoxyribonucleic acid ("DNA") testing and the assessment fees imposed on count two.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**          We view the facts in the light most favorable to sustaining the jury verdicts and resolve all reasonable inferences against Stuebe. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013). Before dawn one morning in February 2018, law enforcement responded to a 911 call from a security company concerning a silent alarm at a mostly vacant commercial property called Zanjero Falls West. Upon arrival, a law enforcement officer saw two individuals running toward an SUV. The officer stopped the vehicle as someone started to drive it away. Stuebe was a passenger in the SUV. Afterwards, officers retraced the SUV's path and discovered two large bags containing copper wire. The officers also found a two-way radio, bolt cutters, a hacksaw, a flashlight, and other burglary tools. Triggered by a motion detector, a security camera at the property recorded the burglary.

**¶3**          The State charged Stuebe with burglary in the third degree, a class 4 felony, and possession of burglary tools, a class 6 felony. Following an eight-day trial, a jury convicted Stuebe as charged. The superior court sentenced Stuebe as a repetitive offender to concurrent terms of 10 years in prison for burglary in the third degree and 3.75 years for possession of burglary tools. Stuebe timely filed a notice of appeal. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶4**          Stuebe argues that the superior court erred by admitting in evidence an email[1] and attached video, generated and sent by the

---

[1]      Stuebe generally alludes to other purported hearsay statements by the property manager, but fails to identify the contested statements or assert

surveillance system. Stuebe contends that the email and video were inadmissible hearsay and introducing that evidence violated the Confrontation Clause of the Sixth Amendment. We generally review the superior court's evidentiary rulings for abuse of discretion. *State v. Ellison*, 213 Ariz. 116, 129, ¶ 42 (2006). "Evidentiary rulings that implicate the Confrontation Clause, however, are reviewed *de novo*." *Id.*

¶5 Before trial, Stuebe moved to preclude testimony concerning ownership and security monitoring of the property. The State opposed the motion, arguing that the property manager had "personal knowledge" of the disputed evidence and his anticipated testimony would not involve hearsay. The superior court denied the motion, ruling that the testimony was not hearsay under Arizona Rules of Evidence ("Rules") 801(d)(2)(D). The email and video were not specifically discussed in the motion or during oral argument on the motion.

¶6 At trial, the Zanjero Falls West property manager testified that he received an automated, computer-generated, email from the security company after a motion-sensor security camera was activated. A video file was attached to the email and the email specified the date and time that the video was recorded. The property manager relied solely upon the email in identifying the date and time of the video. Over Stuebe's hearsay objection, the superior court admitted the email and the video in evidence.

¶7 As the State concedes, the superior court incorrectly applied Rule 801(d)(2)(D). That rule addresses statements made by an opposing party's agent or employee and offered against the opposing party. Because the property manager was not Stuebe's agent or employee, the manager's statements do not fall with within Rule 801(d)(2)(D). *See Shuck v. Texaco Refining & Marketing Inc.*, 178 Ariz. 295, 298 (App. 1994) (describing requirements of Rule 801(d)(2)(D)). Additionally, the property manager testified as a representative of the business victim, and a victim is not a party to criminal proceedings in Arizona. *Lynn v. Reinstein*, 205 Ariz. 186, 191, ¶ 15 (2003). The disputed evidence, therefore, was not admissible under Rule 801(d)(2)(D).

¶8 We may, however, affirm the superior court's ruling if it is legally correct for any reason based upon the record before us. *State v. Perez*,

---

why they were improper. Therefore, Stuebe has waived the argument. *See State v. Carver*, 160 Ariz. 167, 175 (1989) ("Failure to argue a claim usually constitutes abandonment and waiver of that claim.").

141 Ariz. 459, 464 (1984). In doing so, we first determine whether the contested evidence—the automatically generated email and attached video—constitutes hearsay. We must also determine whether admission of the evidence violates the Confrontation Clause. As noted by the State, these precise issues have not been directly resolved by Arizona's courts. *See State v. Gomez*, 226 Ariz. 165, 167, ¶ 12 (2010) (assuming, without deciding, that machine-generated DNA profiles were hearsay statements).

## A. Hearsay.

**¶9**        In general, hearsay evidence is inadmissible unless an exception applies. Ariz. R. Evid. 801, 802. Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Ariz. R. Evid. 801(c). A "statement" is "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Ariz. R. Evid. 801(a). A "declarant" is "the person who made the statement." Ariz. R. Evid. 801(b).

**¶10**        Because the rule against hearsay applies to "a person's" statements and "the person who made the statement," Ariz. R. Evid. 801(a) and (b), we must determine whether a machine that generates information may qualify as a "person" under the Rules. The Rules do not define "person." *See* Ariz. R. Evid. 101. Therefore, we may interpret the word according to its common definition. A.R.S. § 1-213 (2002) ("Words and phrases shall be construed according to the common and approved use of the language."); *State v. Wise*, 137 Ariz. 468, 470 n.3 (1983) (stating that unless the legislature expressly defines a statutory term, courts give the word its plain and ordinary meaning, which may be taken from the dictionary). "In interpreting rules, we apply the same principles we use in interpreting statutes." *State v. Harden,* 228 Ariz. 131, 132, ¶ 6 (App. 2011) (quoting *State v. Petty*, 225 Ariz. 369, 372, ¶ 7 (App. 2010)); *see also Sheridan v. Superior Court*, 91 Ariz. 211, 214 n.7 (1962) (citing statutory definition section when interpreting rules of criminal procedure). Our aim is to "determine and give effect to our supreme court's intent in promulgating the rule . . . keeping in mind that the best reflection of that intent is the plain language of the rule." *Id.* (citing *Osterkamp v. Browning*, 226 Ariz. 485, 489, ¶ 14 (App. 2011)).

**¶11**        Arizona's "Dictionary Act" defines "person" as "a corporation, company, partnership, firm, association or society, as well as a natural person." A.R.S. § 1-215(28); *see also Person*, Black's Law Dictionary (11th ed. 2019) (defining "person" as "a human being"). Similarly, the Arizona Criminal Code defines "person" to include "a human being," and, "as the

context requires," associations, societies, business formations, and government entities. A.R.S. § 13-105(30). Neither statute supports the proposition that a machine can legally be considered a "person." Additionally, because "Arizona's evidentiary rules were modeled on the federal rules[,]" we may consider federal precedent to interpret them. *State v. Winegardner*, 243 Ariz. 482, 485, ¶ 8 (2018). The federal circuit courts have repeatedly held that a "person" referenced in the rules of evidence does not include a "machine" or "machine-produced" content. *See United States v. Lizarraga-Tirado*, 789 F.3d 1107, 1110 (9th Cir. 2015) ("[W]e join other circuits that have held that machine statements aren't hearsay.") (collecting federal circuit court cases); *United States v. Washington*, 498 F.3d 225, 231 (4th Cir. 2007) (holding that for hearsay purposes "raw data generated by the machines were not the statements of technicians" who operated the machines); *United States v. Khorozian*, 333 F.3d 498, 506 (3d Cir. 2003) (holding that neither header nor date and time information automatically generated by a facsimile machine was hearsay because they were not statements made by a person).

¶12 Applied to the facts here, the motion-activated security camera automatically recorded the video after a sensor was triggered. The automated security system then produced an email and immediately sent it to the property manager. No "person" was involved in the creation or dissemination of either. The email only contained the date, time, client ID, serial number, camera location code, and language that read "Automated message – please do not reply to this address." Because the email and video were "machine produced," they were not made by a "person" and are not hearsay.

¶13 Machine-produced statements may present other evidentiary concerns. *See Washington*, 498 F.3d at 231 (noting that concerns about machine-generated statements should be "addressed through the process of authentication not by hearsay or Confrontation Clause analysis"). At trial, the court denied Stuebe's authentication objection to the video, *see* Ariz. R. Evid. 901, but Stuebe has not raised this issue on appeal.

## B. Confrontation Challenge.

¶14 The Sixth Amendment's Confrontation Clause states, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. In general, testimonial evidence from a declarant who does not appear at trial may be admitted only when the declarant is unavailable and the defendant has had a prior opportunity to cross-examine the declarant. *Crawford v. Washington*,

541 U.S. 36, 68-69 (2004); *State v. Forde*, 233 Ariz. 543, 564, ¶ 80 (2014) (citing *Crawford*, 541 U.S. at 68). "[A] statement cannot fall within the Confrontation Clause unless its primary purpose was testimonial." *Ohio v. Clark*, 576 U.S. 237, 245 (2015). "Testimony" means "[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Crawford*, 541 U.S. at 51. Statements are testimonial when the primary purpose is to "establish or prove past events potentially relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822 (2006); *see Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 310-11 (2009) (holding forensic reports on substances alleged to be drugs, prepared in anticipation of prosecution, are testimonial statements). But statements are not testimonial if made to law enforcement during an ongoing emergency, *see Davis*, 547 U.S. at 827, and are "much less likely to be testimonial" if made to someone other than law enforcement, *Clark*, 576 U.S. at 246.

¶15 Considering all the circumstances we cannot conclude that the "primary purpose" of the email and video was to "creat[e] an out-of-court substitute for trial testimony." *Id.* at 245 (alteration in original) (quoting *Bryant*, 562 U.S. at 358). And Stuebe does not argue otherwise. The email was sent to the property manager, not law enforcement, and was not made in anticipation of criminal prosecution. Thus, it was not testimonial. *See Davis*, 547 U.S. at 827-28 (finding recording of a 911 call seeking police assistance was not testimonial); *State v. Damper*, 223 Ariz. 572, 575, ¶ 12 (App. 2010) (finding text message from murder victim seeking help not testimonial); *Bohsancurt v. Eisenberg*, 212 Ariz. 182, 191, ¶ 35 (App. 2006) (holding breathalyzer calibration reports not testimonial). The property manager testified and was cross-examined about the email and the video, and the admission of the email and video did not implicate the Confrontation Clause. *State v. Fischer*, 219 Ariz. 408, 418, ¶ 37 (App. 2008) ("Non-testimonial statements are not subject to a confrontation challenge."); *cf. United States v. Waguespack*, 935 F.3d 322, 334 (5th Cir. 2019) (holding that machine-generated images were not "statements" in the context of the Confrontation Clause).

¶16 The evidence was admissible, and the superior court did not err in admitting it.

**CONCLUSION**

**¶17** For the foregoing reasons, and the reasons stated in the separate memorandum decision, we affirm Stuebe's convictions and sentences but vacate the portion of the sentencing order requiring Stuebe to pay the costs of DNA testing and the assessment fees imposed on count two.



AMY M. WOOD • Clerk of the Court
FILED:   AA