NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JERRY L. STUEBE, *Petitioner*.

No. 1 CA-CR 24-0013 PRPC

FILED 10-17-2024

Appeal from the Superior Court in Maricopa County
No. CR2018-108628-002
The Honorable Dewain D. Fox, Judge

**REVIEW GRANTED/RELIEF DENIED**

COUNSEL

Michael J. Dew Attorney at Law, Phoenix
*Counsel for Petitioner*

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding
Judge Jennifer B. Campbell and Judge Kent E. Cattani joined.

**M c M U R D I E**, Judge:

**¶1**        Defendant Jerry Stuebe petitions this court to review the summary dismissal of his post-conviction relief ("PCR") petition filed under Arizona Rule of Criminal Procedure ("Criminal Rule") 32.1. His petition asserted ineffective assistance of counsel ("IAC") based on counsel's failure to request a mere presence instruction. We grant review but deny relief because Stuebe failed to establish a constitutional violation of counsel ineffectiveness as he failed to show prejudice for counsel's supposed failure.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        A jury convicted Stuebe of burglary in the third degree and possession of burglary tools based on these facts. Before dawn one morning in February 2018, law enforcement responded to a 9-1-1 call from a security company about a silent alarm at a mostly vacant commercial property called Zanjero Falls West. *State v. Stuebe*, 249 Ariz. 127, 129, ¶ 2 (App. 2020), *depublished by* 251 Ariz. 57 (2021). Triggered by a motion detector, a security camera at the property recorded the burglary. *Id.* at 130, ¶ 6. A law enforcement officer arrived at the parking lot and observed an SUV driving into the lot. The officer then saw two individuals running toward the arriving SUV. *Id.* at ¶ 2. The officer activated his emergency lights, and as a man entered the rear driver's side door, a large bag fell out of the vehicle. The officer stopped the vehicle as the get-away driver started to drive it away. Stuebe was the male passenger seated in the rear driver's side of the SUV.

**¶3**        The bag the officer saw fall out of the vehicle was heavy and contained cut copper wire matching wire that was cut in the building. A backpack full of tools was found in the vehicle at Stuebe's feet. The officers seized a two-way radio, bolt cutters, a hacksaw, a flashlight, and other burglary tools.

**¶4**        At the end of the trial, the court instructed the jurors on accomplice liability.

> "Accomplice" means a person, who, with the intent to promote or facilitate the commission of the offense, does any of the following:
>
>> 1.  solicits or commands another person to commit the offense; or

2. aids, counsels, agrees to aid, or attempts to aid another person in planning or committing the offense; or

3. provides means or opportunity to another person to commit the offense.

A defendant is criminally accountable for the conduct of another if the defendant is an accomplice of such other person in the commission of the offense, including any offense that is a natural and probable or reasonably foreseeable consequence of the offense for which the person was an accomplice.

Stuebe did not object to giving the accomplice instruction or request a mere-presence instruction.[1]

¶5        Stuebe argued to the jurors that there was no evidence that he was in the building or participated in cutting and removing the wire. As for accomplice liability, Stuebe argued:

As [the prosecutor] did point out regarding accomplice liability, you have to help somebody. But beyond that, you have to know what you're helping them with, that it's actually a crime. So I didn't hear evidence to that fact. And if it existed, they would have brought it out.

The jurors convicted Stuebe as charged. The jury also found that, as aggravating factors, Stuebe committed the crimes for pecuniary gain, involved the presence of an accomplice, caused damage sufficient to justify the finding of an aggravating circumstance, and caused the victim

---

[1]      The Revised Arizona Jury Instruction Standard Criminal 43 (4th ed. 2018) mere-presence instruction provides:

Guilt cannot be established by the defendant's mere presence at a crime scene, mere association with another person at a crime scene or mere knowledge that a crime is being committed. The fact that the defendant may have been present, or knew that a crime was being committed, does not in and of itself make the defendant guilty of the crime charged. One who is merely present is a passive observer who lacked criminal intent and did not participate in the crime.

emotional or financial harm. The superior court sentenced Stuebe as a repetitive offender to concurrent sentences totaling 10 years' imprisonment. Stuebe appealed, and we affirmed his convictions and sentences. *Stuebe*, 249 Ariz. 127.

¶6        After the appeal, Stuebe petitioned for PCR. In the petition, Stuebe claimed he was denied effective assistance of counsel because trial counsel did not request a mere-presence instruction, which was his defense at trial. *See* Ariz. R. Crim. P. 32.1(a) (constitutional violation). Stuebe requested a new trial.

¶7        The State responded to the petition, partly arguing that the counsel's alleged deficient performance did not prejudice Stuebe.[2] As for prejudice, the court wrote:

---

[2]        The State also argued the ineffective assistance of counsel ("IAC") claim was precluded under Criminal Rule 32.2(a)(1)-(3). The State was wrong. Criminal Rule 32.2(a) precludes claims that could have been raised on direct appeal, were raised on direct appeal and resolved, or waived at trial. An IAC claim cannot be raised at trial or on direct appeal. *State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415, ¶ 20 (2007) ("We therefore hold, consistent with [*State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002)], that a defendant may bring ineffective assistance of counsel claims *only* in a Rule 32 post-conviction proceeding — not before trial, at trial, or on direct review."). So Stuebe could only raise the IAC in the PCR proceedings.

We also note that the substance of the IAC claim, failure to give a mere-presence instruction, would have been reviewed differently if it had been raised on direct appeal. If the substance of the claim had been raised on appeal, the failure to request a mere-presence instruction would have led to the claim being reviewed for fundamental error. *See State v. Crain*, 250 Ariz. 387, 396-97, ¶ 33 (App. 2021). To succeed on fundamental error, Stuebe would have had to show that the jurors "would have returned a different verdict had the superior court provided a mere-presence instruction." *Id.* The fundamental error prejudice showing is greater than the reasonable probability of a different result for an IAC claim. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984). We need not belabor the point further as the superior court explained that its summary denial was not based on preclusion, but lack of a valid IAC claim.

4

[B]efore the jury could convict Defendant of burglary in the third degree, the jury instructions required the jury to find that Defendant: "1. entered or remained unlawfully in or on a nonresidential structure; and 2. did so with the intent to commit any theft therein" . . . . As such, if the jury believed Defendant's story that he was a mere bystander or merely along for the ride, by following the instructions, the jury would have found Defendant not guilty--even without the mere presence instruction. Accordingly, Defendant has not met his burden as to the actual prejudice prong.

The superior court summarily denied the petition. *See* Ariz. R. Crim. P. 32.11(a) (If the court does not find a colorable claim for relief, it "must summarily dismiss the petition.").

¶8         Stuebe petitioned for review. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") §§ 13-4031 and -4239 and Criminal Rule 32.16.

## DISCUSSION

¶9         We review the superior court's denial of PCR for an abuse of discretion, *State v. Macias*, 249 Ariz. 335, 339, ¶ 8 (App. 2020), but review the interpretation of the Criminal Rules *de novo*, *State v. Mendoza*, 248 Ariz. 6, 14–15, ¶ 12 (App. 2019). It is a defendant's burden on review to show that the superior court abused its discretion by denying the PCR petition. *State v. Reed*, 252 Ariz. 236, 239, ¶ 6 (App. 2021). We review the court's legal conclusions *de novo*. *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017).

¶10        The Supreme Court established a two-pronged test for IAC claims in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland*, a court first determines "whether counsel's representation 'fell below an objective standard of reasonableness.'" *Hinton v. Alabama*, 571 U.S. 263, 272 (2014) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010)). This inquiry focuses on the "practice and expectations of the legal community" and asks, considering all the circumstances, whether counsel's performance was reasonable under prevailing professional norms. *Id.* at 273.

¶11        Next, a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Hinton*, 571 U.S. at 275 (quoting *Strickland*, 466 U.S. at 694). But "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the

outcome of the proceeding" because then "[v]irtually every act or omission of counsel would meet that test." *Strickland,* 466 U.S. at 693.

¶12　　　Although a defendant must satisfy both prongs of the *Strickland* test, we need not address both prongs "if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697; *Pandeli*, 242 Ariz. at 180–81, ¶¶ 5-6 (2017).

**A.　Stuebe Failed to Allege a Colorable Claim for Ineffective Assistance of Counsel.**

¶13　　　The parties and the court spilled much ink on whether *State v. Noriega*, 187 Ariz. 282 (App. 1996), *review dismissed* 188 Ariz. 386 (1997), established a *per se* rule of deficient performance if defense counsel fails to request a mere-presence instruction when the evidence supports it. The resolution of that position awaits another day because Stuebe failed to show prejudice under *Strickland*.

¶14　　　"A party is entitled to an instruction on any theory of the case reasonably supported by the evidence." *State v. Shumway,* 137 Ariz. 585, 588 (1983). A court does not err by omitting a jury instruction if other instructions adequately cover the substance of that instruction. *State v. Mott,* 187 Ariz. 536, 546 (1997). The test is whether the instructions, viewed in their entirety, adequately set forth the law applicable to the case. *State v. Rosas-Hernandez*, 202 Ariz. 212, 220, ¶¶ 31-34 (App. 2002); *State v. Rodriguez,* 192 Ariz. 58, 61-62, ¶ 16 (1998). To evaluate jury instructions in context, we consider the facts, other instructions, and the closing arguments of counsel. *See State v. Bruggeman,* 161 Ariz. 508, 510 (App. 1989); *State v. Sulu-Kerr*, 256 Ariz. 530, 538, ¶ 32 (App. 2024); *State v. Tarr*, 235 Ariz. 288, 293, ¶ 14 (App. 2014). We will not reverse a conviction unless the instructions, taken as a whole, misled the jury. *See State v. Kuhs,* 223 Ariz. 376, 380, ¶ 37 (2010).

¶15　　　Stuebe relies heavily on *Noriega,* 187 Ariz. at 284, for the argument that the instructions here misled the jury. The concern in *Noriega* was that, without a mere-presence instruction, jurors might ascribe guilt based on non-culpable conduct or infer the intent necessary to establish accomplice liability from an individual's mere presence at the scene. *Noriega,* 187 Ariz. at 285–86. Given the facts, instructions, and arguments of counsel in this case, we are not so concerned.

¶16　　　The State attempts to distinguish *Noriega* from this case by claiming a distinction in how the cases were charged, claiming that Stuebe was not charged as an accomplice. But that is a distinction without difference. When A.R.S. §§ 13-301 and -303 are read together, an accomplice

may be the principal or an accessory to the crime. *State v. McNair*, 141 Ariz. 475, 480 (1984). In *McNair*, our supreme court cited the Kentucky Supreme Court:

> The words "accomplice," "accessory," and "aider and abettor" are often used indiscriminately and interchangeably by courts and textbook writers on criminal law. But an "accomplice" may be one of the principal actors, or an aider and abettor or an accessory before the fact. The word includes in its meaning all persons who participate in the commission of a crime, whether they so participate as principals, aider and abettors, or accessories before the fact.

*Id.* at 480 (quoting *Levering v. Commonwealth*, 117 S.W. 253, 257 (Ky. 1909)). Simply stated, "an accomplice is one who knowingly and with criminal intent participates, associates, or concurs with another in the commission of a crime." *Id.* at 480 (quoting *State v. Shields*, 132 N.W.2d 384, 385 (S.D. 1965)). The law does not distinguish between which co-defendants actively committed an offense and who was an accomplice. *Cline v. State*, 21 Ariz. 554, 556 (1920). Here, the grand jury charged Stuebe and the co-defendant for committing the crimes but listed the accomplice statutes for both.

¶17        The facts supported instructing the jurors on accomplice liability. The evidence showed two individuals inside the parking garage. The officer arrived and saw two men, Stuebe and the co-defendant, moving toward the SUV, which had been moving before the two men appeared. As they climbed into the SUV, the men tried to load their bounty into it. But the officer saw a duffle bag drop from inside where Stuebe was positioned. When the officer stopped the SUV, he noted the co-defendant and Stuebe were the only two males in the vehicle. Officers later noted that the wire in the duffle bag appeared to match that of freshly cut wire inside the premises, and a bag of burglary tools was found at Stuebe's feet.

¶18        Stuebe does not dispute that the court's instructions correctly informed the jurors about the elements of the charged offenses and the liability ascribed to co-defendants as accomplices. The court's instructions correctly stated that to be an accomplice, the defendant had to act "with the intent to promote or facilitate the commission of the offense." The State and Stuebe highlighted in their arguments that the actions had to be with the intent to help in the commission of the offense. *See supra* ¶ 6.

¶19        We presume that jurors follow their instructions. *Kuhs*, 223 Ariz. at 387, ¶ 55. Given the facts of the case, the instructions, and counsel's

arguments, the record does not rebut this presumption. *See State v. Dalton*, 241 Ariz. 182, 187, ¶ 20 (2016) (No indication in the record that jurors failed to understand and comply with their instructions.), *abrogated on other grounds by State v. Escalante*, 245 Ariz. 135, 140, ¶ 15 (2018); *Bruggeman*, 161 Ariz. at 510. The lack of a mere-presence instruction does not undermine confidence in the verdict. *Hinton*, 571 U.S. at 275; *Strickland*, 466 U.S. at 694. The superior court did not abuse its discretion by finding that Stuebe failed to allege a colorable claim of prejudice for his IAC claim.

## CONCLUSION

¶20        We grant review but deny relief.

