NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

GABRIEL TORRES RAMIREZ, *Appellant*.

No. 1 CA-CR 24-0004

FILED 11-26-2024

Appeal from the Superior Court in Maricopa County
No. CR2022-125730-001
The Honorable Michael C. Blair, Judge

**AFFIRMED**

COUNSEL

The Law Office of Kyle T. Green P.L.L.C., Mesa
By Kyle Green
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Amy Pignatella Cain
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge David D. Weinzweig joined.

---

**F U R U Y A**, Judge:

¶1        Gabriel Torres Ramirez appeals his convictions and sentences for sexual conduct with a minor, arguing the superior court erred when it did not instruct the jury on lesser included offenses. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Ramirez started sexually abusing Anna[1] when she was under the age of 15 and continued in the years after. Though Anna recalls some events as early as seventh or eighth grade, she reported the abuse many years later. Anna also recalls other memories of abuse as occurring during high school years. She turned 15 one month into her first year of high school, creating a similar reference point in Anna's memories and her age.

¶3        The jury convicted Ramirez on Count 1, sexual conduct with a minor, a Class 2 felony because they found the State proved the victim was under 15 years old at the time of that offense, and therefore classified it as a Dangerous Crime Against Children ("DCAC") offense. Ramirez was also convicted on Count 2, sexual conduct with a minor, a Class 6 felony because the victim was under the age of 18 at the time of that offense. Ramirez was sentenced to the presumptive term of 20 years in prison for Count 1. For Count 2, the court imposed a suspended sentence and consecutive term of lifetime supervised probation.

¶4        We have jurisdiction under Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1), 13-4031, and -4033(A).

---

[1]        Pursuant to Rule 31.10(f) of the Arizona Rules of Criminal Procedure, we use a pseudonym to protect the victim's identity.

## DISCUSSION

**¶5**        Ramirez argues the court erred when it denied his request for a jury instruction covering a lesser included offense that omitted the DCAC designation regarding Count 1. We review the court's decision regarding Ramirez's requested jury instructions for an abuse of discretion. *State v. Rios*, 255 Ariz. 124, 132 ¶ 32 (App. 2023). "A party is entitled to a jury instruction on any theory that is reasonably supported by the evidence." *Id.* "The 'slightest evidence' is sufficient to support a jury instruction." *Id.* (quoting *State v. King*, 225 Ariz. 87, 90 ¶ 14 (2010)). However, a requested instruction supported only by speculation is improper. *Cf. State v. Togar*, 248 Ariz. 567, 575 ¶¶ 26–27 (App. 2020) (court did not abuse its discretion in denying a requested *Willits* instruction premised entirely on speculation and contrary to other record evidence).

**¶6**        Count 1 required the State to prove Anna was under 18 years of age for conviction under A.R.S. § 13-1405(A). The sentencing provisions of A.R.S. § 13-1405(B) additionally provide for a DCAC designation if the State proved she was under 15 years old at the occurrence of the abuse. A DCAC designation permits the court to impose an enhanced sentence on a defendant for certain crimes, including the sexual conduct with a minor, which is the charge at issue in this case. A.R.S. § 13-705.

**¶7**        Ramirez argues that the jury could have found that Anna may have been over the age of 15 at the time of the events of Count 1 because she could not state with certainty when those events occurred. Ramirez points to the events involved in Count 2 as support, arguing because Anna was uncertain about when that incident occurred and indicated that it could have occurred during high school, the events of Count 1 could have as well. He essentially argues that because there was uncertainty about the timing of both events—and some evidence suggested Anna may have been over 15 when Count 2 occurred—the jury should have been specifically instructed that it could also find Count 1 was not a DCAC eligible offense. But this position is premised entirely on speculation.

**¶8**        Anna recalled, with "certain[ty]," that the events surrounding Count 1 occurred between seventh and eighth grade, undeniably prior to her 15th birthday. And Anna's recollection of the abuse associated with Count 2 is centered around different events, situated in a different timeframe, than for Count 1. This record contains no evidence to establish that Anna's broader timeline and recollection of events associated with Count 2 should impact the timeline of Anna's recollection of Count 1. Such speculation, especially because it contradicts Anna's testimony, cannot

justify Ramirez's requested jury instruction. *See Togar*, 248 Ariz. at 575 ¶ 27; *State v. Smith*, 158 Ariz. 222, 227 (1988).

¶9 Further, even assuming general uncertainties in Anna's recollection could support Ramirez's requested instruction, a failure to give that instruction is not reversible error "unless it is prejudicial to the defendant and the prejudice appears in the record." *State v. Rosas-Hernandez*, 202 Ariz. 212, 220 ¶ 31 (App. 2002).

¶10 But here, counsel for the State and Ramirez both acknowledged during closing arguments that the jury was required to find, beyond a reasonable doubt, that Anna was under 15 to convict Ramirez of Count 1 as a DCAC offense. *See State v. Bruggeman*, 161 Ariz. 508, 510 (App. 1989) (stating that we do not evaluate jury instructions out of context and the "[c]losing arguments of counsel may be taken into account when assessing the adequacy of jury instructions"). Further, the court instructed the jury to determine Anna's age when Count 1 occurred. *See* Ariz. R. Crim. P. 23.2(d) ("If the verdict of guilty is to an offense that is divided into degrees, the verdict must specify the degree of the offense for which the jury has found the defendant guilty."). And the verdict form for Count 1 also prompted jurors to determine whether Anna was under 15 at that time. These factors effectively provided the jury the necessary directive and instruction as to its duty to find whether Anna was under 15 during the events associated with Count 1. Thus, a lesser-included instruction as to Count 1 would have been redundant, and therefore, moot. *See State v. Marshall*, 197 Ariz. 496, 505 ¶¶ 33–34 (App. 2000) (holding that the defendant's lesser-included sexual conduct offense argument was rendered moot by the jury's explicit finding that the victim was less than fifteen). As such, Ramirez cannot demonstrate prejudice requiring relief.

## CONCLUSION

¶11 We affirm Ramirez's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED: AGFV