**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAY 21 2021

FOR THE NINTH CIRCUIT

JOHN JOSEPH RUSHINSKY, Jr.,

             Petitioner-Appellant,

  v.

DAVID SHINN; ATTORNEY GENERAL
FOR THE STATE OF ARIZONA,

             Respondents-Appellees.

No. 19-17025

D.C. No. 2:18-cv-01836-ROS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted May 10, 2021[**]
San Francisco, California

Before:  WALLACE and COLLINS, Circuit Judges, and RAKOFF,[***] District
Judge.

     John Joseph Rushinsky, Jr. appeals from the district court's denial of his

petition for a writ of habeas corpus, which was based principally on the contention

that his counsel had rendered ineffective assistance in connection with Rushinsky's

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral
argument.  *See* FED. R. APP. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, United States District Judge for the Southern
District of New York, sitting by designation.

appeal of his 2012 conviction of two counts of child molestation in violation of Arizona Revised Statutes § 13-1410. We have jurisdiction pursuant to 28 U.S.C. § 1291 and § 2253 and, reviewing de novo, *Visciotti v. Martel*, 862 F.3d 749, 760 (9th Cir. 2016), we affirm.

1. At the time of Rushinsky's underlying offense conduct, § 13-1410 proscribed "intentionally or knowingly engaging in . . . sexual contact . . . with a child who is under fifteen years of age," ARIZ. REV. STAT. § 13-1410(A) (2009), and "sexual contact" was defined as "any direct or indirect touching, fondling or manipulating of any part of the genitals [or] anus . . . by any part of the body or by any object," *id.* § 13-1401(2) (1998). An affirmative defense was available, under then-applicable Arizona law, to defendants who could show by a preponderance of the evidence that they were "not motivated by a sexual interest." *Id.* § 13-1407(E) (2008). Against Rushinsky's wishes, his attorney declined to argue on direct appeal that § 13-1407(E) and § 13-1410 unconstitutionally shifted the burden of proof for sexual intent to the defendant. After his direct appeal and post-conviction challenge in the Arizona state courts were unsuccessful, Rushinsky petitioned for a writ of habeas corpus in the district court. In his petition, Rushinsky renewed his argument that the applicable Arizona statutory scheme unconstitutionally shifted the burden of proof. He also asserted a related claim of ineffective assistance of counsel based on his attorney's failure to raise that

2

argument on direct appeal, as well as an unrelated *Miranda* issue. The district court denied the petition in its entirety and denied a certificate of appealability. Rushinsky sought such a certificate from this court, but only with respect to the burden-shifting and ineffective-assistance claims. We issued a certificate of appealability authorizing Rushinsky's timely appeal with respect to these issues.

2. We first address Rushinsky's claim that the applicable version of Arizona Revised Statutes § 13-1410 and § 1407(E) unconstitutionally shifted the burden of proof on an element of the offense to the defendant. Rushinsky concedes that, because this contention was not raised on his direct appeal, the claim is procedurally defaulted and cannot be raised in a federal habeas petition absent a showing of cause and prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Rushinsky asserts that his appellate attorney's ineffective assistance in failing to raise the argument establishes the requisite cause and prejudice to excuse that default. *See id*. at 752. We reject this assertion, because we conclude that Rushinsky's appellate attorney did not render ineffective assistance.

To establish ineffective assistance of counsel, a party must show that (1) the "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000) (applying the same test to ineffective assistance of appellate counsel). At the time that Rushinsky's counsel

3

made the decision not to raise the burden-shifting argument in the Arizona Court of Appeals, that court had already rejected that very same argument in a precedential decision. *See State v. Sanderson*, 898 P.2d 483, 491 (Ariz. Ct. App. 1995) (expressly rejecting the contention that § 13-1410 and § 1407(E) violate federal constitutional rights under *Mullaney v. Wilbur*, 421 U.S. 684 (1975), by improperly "allocat[ing] the burden of proof on any element to the defendant" or "creat[ing] a presumption regarding the existence of sexual motivation which he was required to disprove"); *cf. State v. Simpson*, 173 P.3d 1027, 1030 (Ariz. Ct. App. 2007) (reaffirming the allocation of the burden of proof under § 13-1410 and § 13-1407(E)). Given this adverse on-point precedent, the decision to forego making the same argument before the Arizona Court of Appeals did not "amount[] to incompetence under 'prevailing professional norms.'" *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citation omitted).

Alternatively, a procedural default may be excused if the petitioner can "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Rushinsky also invokes that exception here, but we conclude that he has failed to make the requisite showing. Among other requirements, "such a claim requires [the] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical

4

physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also House v. Bell*, 547 U.S. 518, 536–40 (2006). Rushinsky has not submitted any such evidence, nor has he shown that his is the type of "'truly deserving' habeas petition where there is a showing of actual innocence." *Gage v. Chappell*, 793 F.3d 1159, 1167 (9th Cir. 2015) (citation omitted).

Because we conclude that the procedural default of Rushinsky's burden-shifting claim has not been excused, we do not reach the merits of that claim.

3. Rushinsky's substantive ineffective assistance claim was based on the same failure of his appellate counsel to raise the burden-shifting argument on direct appeal. Because that ineffective assistance claim was adjudicated on the merits in state court, our review is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). "Under AEDPA, we review the 'last reasoned decision' from the state court," *Murray v. Schriro*, 882 F.3d 778, 801 (9th Cir. 2018), to determine "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard," *Harrington*, 562 U.S. at 105. Because we have already concluded under a de novo standard that Rushinsky's counsel did not render ineffective assistance in failing to raise the burden-shifting issue on direct appeal, *see supra* at 3–4, the Arizona Court of Appeals' rejection of that substantive ineffective assistance claim on post-conviction review was "necessarily reasonable under the more deferential AEDPA standard of review." *Berghuis v.*

5

*Thompkins*, 560 U.S. 370, 389 (2010); *see also Weeden v. Johnson*, 854 F.3d 1063, 1069 (9th Cir. 2017) ("Our review of the [state court's] holding that [a petitioner's] counsel was not deficient is 'doubly' deferential, because *Strickland* requires state courts to give deference to choices made by counsel and AEDPA in turn requires us to defer to the determinations of state courts." (citation omitted)).

**AFFIRMED.**